### In re RHOADS INDUSTRIES, INC.

### Bankruptcy No. 92–30483.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Jan. 12, 1994.

---

David Coyle, Toledo, OH, for debtor.

John Luchansky, Jr., Lambertville, MI, for Blake and Thora Wendt.

## OPINION AND ORDER OVERRULING MOTION TO EXTEND TIME FOR FILING NOTICE OF APPEAL

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the Court on Blake and Thora Wendt's (the "Wendts") motion to extend time for filing a notice of appeal under Rule 8002(c). The Court finds that the Wendts' motion is not well taken and should be overruled.

### FACTS

In an opinion and order dated December 17, 1993, 162 B.R. 485, this Court granted Rhoads Industries, Inc.'s ("Rhoads") motion to enforce a settlement agreement between Rhoads and the Wendts.

On January 5, 1994, the Wendts filed a motion to extend time for filing a notice of appeal under Rule 8002(c) of the Federal Rules of Bankruptcy Procedure. The Wendts argue that an extension of time to file a notice of appeal is warranted because the Wendts' attorney was unable to reach the Wendts during the Christmas and New Year's holidays. The Wendts further argue that their failure to file a notice of appeal within the time provided by Rule 8002(a) constitutes "excusable neglect".

### DISCUSSION
### EXCUSABLE NEGLECT UNDER BANKRUPTCY RULE 8002(C)

As a threshold matter, the Court finds that the Wendts' failure to file a timely notice of appeal represented neglect. As in *Huennekens v. Marx (In re Springfield Contracting Corp.)*, neither the Wendts nor their counsel have provided an explanation as to why they "could not have filed a motion to extend the time to file a notice of appeal for 20 days, which Rule 8002(c) allows without a showing of excusable neglect if such request is made before the expiration of the initial 10 day appeal deadline". *Huennekens v. Marx (In re Springfield Contracting Corp.)*, 156 B.R. 761, 767 (Bankr.E.D.Va.1993) (citing Fed.R.Bankr.P. 8002(c)). Further, the Wendts' counsel has given no explanation for

his failure to file a notice of appeal within the time provided by Rule 8002(a) upon failure to contact his clients.

■ In deciding whether the Wendts' failure to timely file a notice of appeal within the ten day period set forth in Rule 8002(a) constitutes excusable neglect, the Court is guided by the Supreme Court's recent decision in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership* which analyzed "excusable neglect" within the context of Rule 9006(b). *Pioneer Inv. Serv. Co. v. Brunswick. Assocs. Ltd. Partnership,* —— U.S. ——, ——, 113 S.Ct. 1489, 1495, 123 L.Ed.2d 74 (1993); *c.f. In re Mowers,* 160 B.R. 720 (Bankr.N.D.N.Y.1993) (finding "excusable neglect" under Rule 8002(c) to be a more stringent standard than "excusable neglect" under Rule 9006(b)). In *Pioneer,* the Court held that excusable neglect was not limited to "situations where the failure to timely file is due to circumstances beyond the control of the filer". *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1495. Though noting that excusable neglect is a "somewhat 'elastic concept' ", the Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect". *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1496 (footnote omitted); *see also Harlow Fay, Inc. v. Fed. Land Bank of St. Louis (In re Harlow Fay, Inc.),* 993 F.2d 1351 (8th Cir.) *cert. denied* —— U.S. ——, 114 S.Ct. 87, 126 L.Ed.2d 55 (1993) (extension of time for "excusable neglect" not warranted where debtor attempted to file untimely modification of its chapter 11 plan one week late and excuse advanced by debtor's counsel was that late filing was caused by counsel's reduction in staff because of financial problems and continuing problems due to firm's relocation).

■ Factors which a court may consider in this equitable determination include:

[1.] the danger of prejudice to the [opposing party],

[2.] the length of the delay and its potential impact on the judicial proceedings,

[3.] the reason for the delay, including whether it was within the reasonable control of the movant,

[4.] and whether the movant acts in good faith.

*Pioneer,* —— U.S. at ——, 113 S.Ct. at 1498 (citation omitted).

The equities of the case do not favor extending the Wendts' time for appeal.

First, extending the time for an appeal by the Wendts would greatly prejudice Rhoads. Indeed, enforcing the settlement agreement with the Wendts is central to effectuating Rhoads' plan of reorganization.

Second, further delaying enforcement of a plan of reorganization which has been held in abeyance since the Wendts refused to execute a settlement agreement would be inequitable to Rhoads' other creditors.

Third, the Wendts' failure to file a notice of appeal was within their reasonable control. The Wendts were aware that they had a matter pending in bankruptcy court and could have communicated with their attorney periodically to determine the status of that matter.

Furthermore, the filing of the notice was within the reasonable control of the Wendts' counsel. *See Pioneer,* —— U.S. at ——, 113 S.Ct. at 1499 (noting that an attorney is the client's agent and, thus, the client bears the consequences of the attorney's acts or omissions).

Although the Court cannot conclude that the Wendts proceeded in bad faith, the foregoing analysis leads the Court to find that the Wendts' failure to timely file a notice of appeal did not constitute excusable neglect. *See Springfield Contracting Corp.,* 156 B.R. at 761 (extension of time for appeal not warranted although notice of appeal was filed only one day late where circumstances did not indicate excusable neglect); *c.f. In re Neill,* 158 B.R. 93, 96 (Bankr.N.D. Ohio 1993) (debtor failed to establish excusable neglect under Rule 9006(b)(1) where articulated reason for missing deadline was that the debtor was "away on vacation" and "because of confusion with him and his roommate, ... never received the message from [his counsel's] office" that an affidavit was due to be filed with the court).

In light of the foregoing, it is therefore

ORDERED that the Wendts' motion to extend time for filing notice of appeal be, and it hereby is, overruled.