## In re NICKELS PERFORMANCE SYSTEMS, INC. d/b/a Nickels Speed Shop, Nickels Performance Warehouse, Debtor.

### Bankruptcy No. 92–34212.

United States Bankruptcy Court,
E.D. Tennessee.

June 16, 1994.

Moss & Rocovich, P.C., John T. Arnold, Roanoke, VA, and McKinnon, Fowler, Fox & Taylor, John S. Taylor, Johnson City, TN, for debtor.

Frantz, McConnell & Seymour, Robert M. Bailey, Knoxville, TN, for Committee of Unsecured Creditors.

Melnick & Moore, Neal S. Melnick, Knoxville, TN, for George Petrenko.

E. Franklin Childress, Jr., U.S. Trustee, Region VIII, and Patricia C. Foster, Knoxville, TN, for U.S. Trustee.

### MEMORANDUM ON MOTION FOR EXTENSION OF TIME TO FILE APPEAL

RICHARD S. STAIR, Jr., Bankruptcy Judge.

The court has before it a "Motion For Extension Of Time To File Appeal Pursuant To Bankruptcy Rule 8002" (Motion For Extension Of Time) filed by George Petrenko (Petrenko) on May 19, 1994. By this Motion For Extension Of Time, Mr. Petrenko requests an extension of the ten-day period fixed by Fed.R.Bankr.P. 8002(a) for filing a notice of appeal from an Order entered on May 3, 1994. This Order sustained in part the "Objection To Allowance Of Proof Of Claim (Administrative Expense)" filed by the debtor on February 22, 1994, objecting to the allowance of a proof of claim filed by Petrenko in the amount of $12,000.00 and denied the "Motion For Allowance Of Fee For Finding Purchaser" filed by Petrenko on March 9, 1994, requesting the court to approve a fee of three percent (3%) of the sale price realized by the debtor upon the sale of its assets for finding the purchaser.[1] Petrenko's Motion For Extension Of Time was filed more than ten days after the date of the entry of the May 3, 1994 Order. Objections in opposition to the Motion For Extension Of Time were filed by the Committee of Unsecured Creditors and the United States Trustee on May 25 and 27, 1994, respectively.[2]

---

1. The court heard the objection and motion at the same time and entered a single order.

2. The court, on May 25, 1994, improvidently entered an Order summarily granting Petrenko's Motion For Extension Of Time. On June 3, 1994, the creditors committee filed a motion asking the court to reconsider its May 25, 1994 Order. Thereafter, on June 6, 1994, the court vacated the May 25, 1994 Order to give it the opportunity to review and consider the objections interposed by the creditors committee and

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (B) & (O) (West 1993).

## I

Bankruptcy Rule 8002(a) provides that a "notice of appeal shall be filed with the clerk within ten days of the date of the entry of the judgment, order, or decree appealed from." Fed.R.Bankr.P. 8002(a). Bankruptcy Rule 8002(c) provides in material part:

> The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, *except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect....*

Fed.R.Bankr.P. 8002(c) (emphasis added).

The ten-day period within which Petrenko was required to file his notice of appeal expired on May 13, 1994. His Motion For Extension Of Time was filed on May 19, 1994, six days after expiration of the appeal period. Contemporaneously with the filing of the Motion For Extension Of Time, Petrenko filed a Notice Of Appeal.[3] The Motion For Extension Of Time is accompanied by a brief together with affidavits executed by Petrenko's counsel, Neal S. Melnick, a partner in the law firm of Melnick & Moore, and C. Allen Ragle, an associate with Melnick & Moore.

The issue presented is whether Petrenko has made a showing of "excusable neglect" as required under Rule 8002(c) if the court is to grant his Motion For Extension Of Time. If the Motion For Extension Of Time is granted, Petrenko's May 19, 1994 Notice Of Appeal is validated.

The existing record together with the affidavits filed in support of Petrenko's Motion For Extension Of Time are sufficient to permit the court to rule on the issue before it.

## II

The hearing on the debtor's "Objection To Allowance Of Proof Of Claim (Administrative Expense)" and on Petrenko's "Motion For Allowance Of Fee For Finding Purchaser" was held on May 2 and 3, 1994. At the conclusion of the hearing, the court announced its ruling in a memorandum opinion dictated orally from the bench. The court overruled the debtor's objection to a $12,000.00 administrative expense claim filed by Petrenko but reduced the amount of Petrenko's allowed claim to $4,250.00. Petrenko's "Motion For Allowance Of Fee For Finding Purchaser" was denied. The order memorializing this ruling was entered by the clerk on May 3, 1994. Pursuant to Fed.R.Bankr.P. 9022, the order was served on all parties in interest, including Petrenko's counsel, Mr. Melnick.[4]

The May 3, 1994 Order was received in the office of Melnick & Moore on May 4, 1994. The Order was date-stamped on the date received, and, as is the practice in the Melnick & Moore office, a description of the Order was entered into a computer and the Order was distributed to the office of Neal S. Melnick.

Mr. Melnick states in his affidavit that he was unaware that the Order had been sent to him and received by his firm and that on May 17, 1994, after becoming concerned about not having seen a copy of the order, he directed an associate, C. Allen Ragle, to go to

the United States Trustee. The court notes that in its June 6, 1994 Order it incorrectly recites that the May 3, 1994 Order overruled "Petrenko's 'Objection To Allowance Of Proof Of Claim (Administrative Expense).'" In fact, the objection was to Petrenko's claim and it was filed by the debtor.

3. Petrenko filed an "Amended Notice Of Appeal Pursuant To Bankruptcy Rule 8001" on May 26, 1994.

4. Rule 9022 provides that "[i]mmediately on the entry of a judgment or order the clerk shall serve a notice of the entry by mail in the manner provided by Rule 7005 on the contesting parties...." Rule 7005, incorporating Fed.R.Civ.P. 5 into its terms, provides at subsection (b) that whenever service is required to be made upon a party represented by an attorney "the service shall be made upon the attorney unless service upon the party is ordered by the court."

the bankruptcy court clerk's office to review the case file.

Mr. Ragle, in his affidavit, states that on May 17, 1994, at Mr. Melnick's direction, he reviewed the debtor's case file and determined that the Order was entered and mailed to Melnick & Moore on May 3, 1994;[5] that he contacted Mr. Melnick's legal assistant, Shanna Fuller Veach, and asked her to review the computer files to determine that the Order had, in fact, been received; that Melnick & Moore's computer files reflected that the Order had been received; and that upon his return to the office he was informed by Ms. Veach that the Order had been found in Mr. Melnick's office under an opened Federal Express envelope in a stack of documents. Both Mr. Melnick and Mr. Ragle state in their affidavits that it is their "belief that the Order, along with other documents, became stuck to the bottom of the Federal Express package and was never seen." Ms. Veach, the individual who presumably located the Order, did not file an affidavit detailing the events surrounding its discovery. The Motion For Extension Of Time and the Notice of Appeal were both subsequently filed on May 19, 1994.

### III

Rule 8002(c) provides that upon expiration of the time for filing the notice of appeal, the bankruptcy judge may extend the time for filing the notice of appeal for a period not to exceed twenty days, if a request is made within that twenty-day period and there is a "showing of excusable neglect." In the present case, Petrenko filed his Motion For Extension Of Time together with his Notice of Appeal six days after expiration of the ten-day period. Petrenko contends that excusable neglect has been shown.

In determining whether Petrenko's failure to timely file his Notice of Appeal within the ten-day period set forth in Rule 8002(a) constitutes excusable neglect, the court is guided by the Supreme Court's decision in *Pioneer Investment Serv. Co. v. Brunswick Assoc.*, — U.S. —, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). The Court in *Pioneer* analyzed "ex-cusable neglect" within the context of Fed. R.Bankr.P. 9006(b). It held that "the enlargement of prescribed time periods under the 'excusable neglect' standard ... is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer." *Id.* at —, 113 S.Ct. at 1496. Though noting that excusable neglect is a "somewhat 'elastic concept' ", the Court stated that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id.* (footnote omitted).

The Court, with regard to determining whether a party's neglect of a deadline is excusable, stated in material part:

> [W]e conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* at —, 113 S.Ct. at 1498 (footnotes and citation omitted). Both the United States Trustee and creditor's committee argue that Petrenko has not made a showing of excusable neglect under the *Pioneer* standard.

Notwithstanding that *Pioneer* specifically addresses the interpretation of excusable neglect within the context of Bankruptcy Rule 9006(b)(1), the general time limit enlargement rule as applied to the period specified in Bankruptcy Rule 3003(c)(3) for filing proofs of claim in Chapter 11 cases, the court accepts that decision as controlling the issue presently before it. While Rule 8002 appears much more restrictive than Rule 9006, this court is satisfied that the Supreme Court would apply the same analysis of excusable neglect in *Pioneer* to the excusable neglect language found in Rule 8002(c). *Pyramid Energy, Ltd. v. Duquoin Nat'l. Bank (In re Pyramid Energy, Ltd.)*, 165 B.R. 249 (Bankr. S.D.Ill.1994); *In re Rhoads Indus.*, 163 B.R. 299 (Bankr.N.D.Ohio 1994); *Huennekens v. Marx (In re Springfield Contracting Corp.)*,

---

5. In fact, the Order was mailed directly to Neal S. Melnick.

156 B.R. 761 (Bankr.E.D.Va.1993); *contra In re Mowers,* 160 B.R. 720 (Bankr.N.D.N.Y. 1993).

■ The *Pioneer* Court held that a finding of excusable neglect requires a two-step inquiry. First, the court must determine whether the failure to file a timely claim resulted from "neglect." —— U.S. at —— ——, 113 S.Ct. at 1497–98. The court finds neglect in the instant case. Neal S. Melnick and Melnick & Moore and, thus, Petrenko, had actual notice of the May 3, 1994 Order on May 4, 1994, as the Order was received by Mr. Melnick on that day. The failure of Petrenko to timely file a notice of appeal constitutes neglect.

In the second place, the court must evaluate the "neglect" of Petrenko's counsel and determine whether it is "excusable." The purpose of requiring that "neglect" be "excusable" is to "deter ... parties from freely ignoring court-ordered deadlines in hopes of winning a permissive reprieve...." *Id.* at ——, 113 S.Ct. at 1498.

■ In considering the equity test of *Pioneer* in light of the facts presently before it, the court finds that if a strict balancing test is applied the factors weigh in favor of determining that the failure of Petrenko's counsel to file the notice of appeal within the ten-day deadline was "excusable." The filing was delayed by six days and has caused little prejudice to the debtor or to the committee and United States Trustee. Further, the late filing will minimally impact on these judicial proceedings. Finally, there is no indication that counsel acted in bad faith. These factors, however, with the exception of good faith, go primarily to the effect of Petrenko's failure to timely file his notice of appeal. They do not go to the real substantive issue which, in the instant proceeding, is the reason (or excuse) for the delay. This court does not construe *Pioneer* to hold that if three out of five factors weigh in favor of the party neglecting the deadline, excusable neglect has been established as a matter of law. It appears to the court that the good faith and "reason for the delay" elements must be accorded considerable weight. These are the factors which go to the merits of an excusable neglect issue.

■ In considering the Motion For Extension Of Time, the court is offered no explanation as to why Petrenko's counsel did not discover the May 3, 1994 Order prior to May 17, 1994. The Order was received on May 4, 1994, and was handled in accordance with Melnick & Moore's prescribed office procedure which included distribution to Petrenko's counsel, Mr. Melnick, the attorney to whom the Order was addressed. The Order was delivered to Mr. Melnick's office and neither he nor Mr. Ragle offer any excuse for Mr. Melnick's failure to see the Order other than their "belief" that the Order was not seen because it was stuck to the bottom of a Federal Express package. The court notes that neither Mr. Melnick nor Mr. Ragle was present when the Order was located. Ms. Veach, the legal assistant who found the Order in Mr. Melnick's office and who is in the best position to testify as to its location and condition when found, did not file an affidavit. The court is, therefore, left with no explanation as to why the Order remained in Mr. Melnick's office from May 4, 1994, until May 17, 1994, without being seen.

Further, the court ruled from the bench at the conclusion of the May 3, 1994 trial. Mr. Melnick is an experienced and frequent practitioner in this bankruptcy court. He knows that this court prepares its own orders emanating from trials and does not delay the entry of those orders. Further, as stated in Mr. Ragle's affidavit, Mr. Melnick and Mr. Ragle, after the hearing, and no later than May 11 or 12, 1994, discussed what motions should be filed to preserve Petrenko's rights. At this time Mr. Melnick expressed concern about not having received a copy of the May 3, 1994 Order. Finally, Mr. Ragle states in his affidavit that they discussed in this conversation the need to check the bankruptcy case file to determine whether the Order had been entered. Again, Mr. Melnick offers no explanation as to why the Order was not seen and why the notice of appeal could not have been prepared and filed within ten days of May 3, 1994.

■ Based upon this court's reading of *Pioneer,* it concludes that Mr. Melnick's late filing of Petrenko's Notice Of Appeal does

not come within the meaning of "excusable neglect" for purposes of Bankruptcy Rule 8002(c). Notwithstanding the minimal delay and prejudice resulting from counsel's failure to file Petrenko's Notice Of Appeal, Petrenko's failure to meet the time requirements of Rule 8002(a) is the sort of "neglect" that could and should have been avoided and, therefore, cannot be characterized as "excusable." To find neglect to be excusable, there must be some explanation or reason why it occurred. In the instant proceeding, there is none. For the court to find excusable neglect under the facts of this case, it would be required to remove the term "excusable" from the equation.

■ Petrenko voluntarily chose the attorneys representing him in the contested proceedings in which he has been involved. He is accountable for their acts and omissions. *Pioneer*, ── U.S. at ──, 113 S.Ct. at 1499. Petrenko's Motion For Extension Of Time will be denied.