# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
March 27, 2013 Session

## THOMAS GOODMAN RUTHERFORD v. MELODEY JOICE LAWSON RUTHERFORD

**Direct Appeal from the Circuit Court for Davidson County**
**No. 05D-692      Joe Binkley, Jr., Judge**

_____

**No. M2012-01807-COA-R3-CV - Filed May 7, 2013**

_____

J. STEVEN STAFFORD, J., DISSENTING:

Based on the application of Rule 6.02 of the Tennessee Rules of Civil Procedure to the facts of this case, I must respectfully dissent from the majority. While the majority concludes that Father's petition is barred by his failure to timely file his petition in opposition to the relocation, I would instead remand to the trial court for specific findings of fact and conclusions of law on the issue of whether Father's delay in filing his petition was the result of excusable neglect.

From my review of the record, the relevant sequence of events is as follows:

- On January 3, 2011, Mother sends a certified letter notifying Father of her intent to relocate to Nebraska.
- January 4, 2011, Father undisputedly receives the notice.
- On February 6, 2011, thirty-three days after receiving the notice, Father files his petition in opposition to Mother's relocation (the thirtieth day after receipt of the notice fell on a Friday and Father filed the following Monday).
- On February 8, 2011, Mother files a petition to relocate stating that "Father has not filed any opposition to the move."
- On approximately March 6, 2011, Mother relocates to Nebraska. It is undisputed that she did so one month after Father filed his petition in opposition to Mother's relocation.
- On March 9, 2011, Mother files an answer to Father's petition in opposition to the relocation; Mother raises no affirmative defenses, nor does she mention Father's

failure to file his petition in opposition within thirty days of receiving the notice of her intent to relocate.

- On April 25, 2012, Mother files a Motion to Determine Status of Case pursuant to Tennessee Code Annotated Section 36-6-108(g). Mother seeks a declaration that because of Father's failure to file his petition in opposition within thirty days of receiving the notice, he cannot contest the move.

- On May 3, 2012, Father files a response to Mother's motion, arguing that: (1) Mother waived her argument regarding the applicability of Tennessee Code Annotated Section 36-6-108(g) by failing to raise specific averments regarding this issue in her answer; (2) Father's failure to file his petition in opposition within thirty days was excusable neglect and the trial court should enlarge the time allowed to respond.

- On June 4, 2012, the trial court denied Mother's motion to Determine Status of Case Pursuant to Tennessee Code Annotated Section 36-6-108(g), finding that "no proof of harm or prejudice to Mother result[ed] from the date [Father's] filing" was submitted and that Tennessee Code Annotated Section 36-6-108(g) should not bar Father's right to contest the move.

The majority concludes that the analysis in ***Kardoush, LLC v. City of Memphis Alcohol Com'n***, No. W2005-00104-COA-R3-CV, 2005 WL 3017602 (Tenn. Ct. App. 2005), necessitates a conclusion that Father no longer had a right to contest the relocation because he did not file his petition within thirty days of receiving Mother's intent to relocate. I do not disagree with the reasoning in ***Kardoush***, nor do I contest that it properly applies to the time limit contained in Tennessee Code Annotated Section 36-6-108(g).

Instead, I would submit that this case presents a somewhat different factual situation than that presented in ***Kardoush***. The ***Kardoush*** opinion makes absolutely no mention of any motion on the part of the Commission for an enlargement of time pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure. Rule 6.02 states:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, ***at any time in its discretion***, (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done, where the failure to act was the result of excusable neglect, but it may not extend the time for taking any action under Rules 50.02, 59.01, 59.03 or 59.04, except to the extent and under the conditions

stated in those rules. This subsection shall not apply to the time provided in Tennessee Rule of Appellate Procedure 4(a) for filing a notice of appeal, nor to the time provided in Tennessee Rule of Appellate Procedure 24(b) & (c) for filing a transcript or statement of evidence.

Tenn. R. Civ. P. 6.02 (emphasis added). Rule 6.02, therefore, "grants the trial judge broad discretion to enlarge many of the procedural time limitations prescribed by the Rules of Civil Procedure." *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn.1994). However, time limitations prescribed by rule are not the only time periods that may be enlarged by the trial court. The Tennessee Practice Series notes that our Rule 6.02 expands the power under the corresponding Federal Rule, which only allows expansion of time required or permitted by court rules or court order, "to include acts required or permitted by statute, including statutes of limitations." Tenn. Prac. Series § 6.1 (3d ed. 2000) (citing Fed. R. Civ. P. 6(a)). The Tennessee Rules of Civil Procedure are "promulgated by the Supreme Court and approved by [the Supreme Court] and approved by the General Assembly, pursuant to [the Supreme Court's] 'inherent power to promulgate rules governing the practice and procedure of the courts of this state.'" *Hall v. Haynes*, 319 S.W.3d 564, 571 (Tenn. 2010) (citing *State v. Mallard*, 40 S.W.3d 473, 481 (Tenn.2001)). These rules "have 'the force and effect of law.'" *Mid-South Pavers, Inc. v. Arnco Const., Inc.*, 771 S.W.2d 420 (Tenn. Ct. App.1989) (citing Tenn. Code Ann. §16-3-406). Thus, Rule 6.02 confers broad authority and "flexibility to modify fixed time periods" contained in rules and statutes. Tenn. Prac. Series § 6.4 (3d ed. 2000).

The time period at issue is contained in a statute, Tennessee Code Annotated Section 36-6-108(g), which states, in pertinent part: "In the event no petition in opposition to a proposed relocation is filed within thirty (30) days of receipt of the notice, the parent proposing to relocate with the child shall be permitted to do so." Rule 6.02 contains specific exceptions for time periods that are not subject to enlargement. The time period contained in the parental relocation statute is not specifically excluded by Rule 6.02. In addition, my research has found no cases in which the time period in the parental relocation statute is excluded from enlargement pursuant to Rule 6.02. Because of the "broad authority" conferred by Rule 6.02, I must conclude that the trial court has discretion under Rule 6.02 to extend the time for filing a petition in opposition to a parent's relocation pursuant to Tennessee Code Annotated Section 36-6-108(g). Consequently, the dispositive question on appeal is whether enlargement pursuant to Rule 6.02 is appropriate given the particular circumstances of this case.

There is no dispute that Father failed to file anything in the trial court prior to the expiration of the thirty-day time period contained in the parental relocation statute.

-3-

Consequently, he can only prevail in this case by showing that he filed a motion in the trial court seeking an enlargement of time and that his failure to timely file his petition in opposition was the result of excusable neglect. *See* Tenn. R. Civ. P. 6.02(2) (allowing enlargement "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect"). The first question, then, is whether Father filed a motion seeking an enlargement of time. From my review of the record, in his May 3, 2012 response to Mother's Motion to Determine Status of Case, Father specifically asks the trial court to grant an enlargement of time based on his excusable neglect. Father does not specifically cite Rule 6.02 and he raises the issue in a response to Mother's motion, rather than as an affirmative motion. However, "[c]ourts should give effect to the substance of motions rather than their form or title." ***State v. NV Sumatra Tobacco Trading Co.***, --- S.W.3d ----, 2013 WL 1248285 (Tenn. 2013) (citing ***Brundage v. Cumberland Cnty.***, 357 S.W.3d 361, 371 (Tenn.2011)). In addition, even Mother, in her brief on appeal, characterizes Father's request as a Rule 6.02 Motion. Finally, this Court has recently construed a request for an enlargement of time contained in a response to a motion as an affirmative request pursuant to Rule 6.02. *See **Maness v. Garbes***, No. M2008-00797-COA-R3-CV, 2009 WL 837707, at *2 (Tenn. Ct. App. Jan. 7, 2009). While Father has not specifically asserted, by name, the application of Rule 6.02, in either the trial court or his appellate brief, he did request an enlargement of time within days of Mother raising this issue in the trial court. A plain reading of Rule 6.02 indicates that it is intended to be broadly construed. *See **Douglas***, 876 S.W.2d at 97 (noting that rule 6.02 confers upon the trial court "broad discretion" to enlarge time limits). Accordingly, I conclude that a fair reading of Father's May 3, 2012 filing is that Father was seeking an enlargement of time pursuant to Rule 6.02.

Thus, I would move on to consider the second prong of Rule 6.02 relief: whether Father has shown that his "failure to act was the result of excusable neglect." Tenn. R. Civ. P. 6.02. Father asserted in his motion that: (1) he attempted to negotiate with Mother out of court prior to filing; (2) when it became clear that Father would need to seek court intervention, he was unable to immediately hire an attorney due to finances; (3) his attorney was unable to meet with him until the weekend preceding his February 6, 2011 filing; (4) although the filing was three days late, Monday, February 6, 2011, was the first business day after the expiration of time under Tennessee Code Annotated Section 36-6-108(g); and (5) Mother failed to raise the affirmative defenses of waiver or statute of limitations in her answer to his petition, operating as a waiver of those defenses under Rule 12.08 of the Tennessee Rules of Civil Procedure.[1] In addition, Father asserted that Mother was not

---

[1] Mother's attorney, in his argument to the trial court on this issue, couched the issue as a "waiver" of Father's right to contest the relocation, stating, "I would argue that it's waived." Waiver is specifically

(continued...)

prejudiced by the delay because: (1) she filed her petition to relocate after Father filed his petition in opposition; and (2) she did not move to Nebraska until one month after he filed his petition.

The concept of excusable neglect is not peculiar to Tennessee law. Indeed, this Court, in *State ex rel. Sizemore v. United Physicians Insurance Risk Retention Group*, 56 S.W.3d 557 (Tenn. Ct. App. 2001), relied on the analysis from the United States Supreme Court case of *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). This Court noted that the *Pioneer* case "set out the most authoritative exegesis of the excusable neglect concept," and thus incorporated the United States Supreme Court's reasoning in its analysis. *Sizemore*, 56 S.W.3d at 566–67. As explained by this Court:

> As the [United States Supreme Court] Court pointed out, a party's failure to meet a deadline may have causes ranging from forces beyond its control to forces within its control. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. at 387–88, 113 S.Ct. at 1494. The former will almost always substantiate a claim of excusable neglect; the latter will not. However, neglect extends to more than just acts beyond a party's control and intentional acts. It encompasses "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. at 388, 113 S.Ct. at 1495. Thus, the excusable neglect concept may also apply to situations in which failure to comply with a filing deadline is attributable to a filer's negligence. *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. at 394, 113 S.Ct. at 1497; *Marx v. Loral Corp.*, 87 F.3d at 1054.
>
> Still, not all negligence can be indulged. To do that would read out of the excusable neglect principle the requirement that the neglect must first be found excusable.

---

[1](...continued)
enumerated as an affirmative defense in Rule 8.03 of the Tennessee rules of Civil Procedure. Accordingly, it must be specifically raised in a responsive pleading, lest it be waived. *See* Tenn. R. Civ. P. 12.08. Mother raised no affirmative defenses in her answer, nor did she argue that Father was barred from contesting the move by his failure to file his petition in opposition within thirty days of the receipt of Mother's letter. Instead, Mother did not raise this argument until over a year after filing her answer, on April 25, 2012.

Finding whether neglect is excusable is an equitable determination "taking account of all relevant circumstances surrounding the party's omission." ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship***, 507 U.S. at 395, 113 S.Ct. at 1498; ***Dubuc v. Green Oak Township***, 958 F.Supp. 1231, 1241 (E.D. Mich.1997). The relevant circumstances envelop the big picture of both causes and effects, including (1) the danger of prejudice to the party opposing the late filing, (2) the length of the delay and its potential impact on proceedings, (3) the reason why the filing was late and whether that reason or reasons were within the filer's reasonable control, and (4) the filer's good or bad faith. ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship***, 507 U.S. at 395, 113 S.Ct. at 1498; ***In re SPR Corp.***, 45 F.3d 70, 72 (4th Cir.1995); ***In re Nunez***, 196 B.R. 150, 157 (9th Cir. BAP 1996). These circumstances must be weighed both with and against each other because, if considered separately, they may not all point in the same direction in a particular case. ***In re Keene Corp.***, 188 B.R. 903, 909 (Bankr. S.D. N.Y. 1995); ***In re Nickels Performance Sys., Inc.***, 169 B.R. 647, 651 (Bankr. E.D. Tenn. 1994).

***Sizemore***, 56 S.W.3d at 567.

Thus, a finding of excusable neglect is the crux of a request for enlargement of time pursuant to Rule 6.02. We have recently discussed Rule 6.02's application in an estate matter, ***Dobbins v. Green***, No. W2012-00460-COA-R3-CV, 2013 WL 1149574 (Tenn. Ct. App. Mar. 20, 2013), concluding that, because no excusable neglect was found by the trial court, the time for substitution of parties could not be enlarged. Similarly, in this case, the trial court likewise failed to make a specific finding as to whether Father's delay was the result of excusable neglect. Mother, in her brief, asserts that the trial court made a finding that "[t]here was no excusable neglect for Father not filing a timely Petition in Opposition in Relocation." Mother cites to the transcript of the hearing on May 22, 2012; however, the trial court does not make any statement in the transcript as to whether there was excusable neglect on the part of Father. In fact, at the conclusion of the hearing on May 22, 2012, the trial court specifically stated that it could not determine whether there was excusable neglect without hearing testimony regarding Father's informal negotiations with Mother prior to filing his petition. In the later hearing and final order, however, the trial court also fails to make a specific finding as to excusable neglect, but does find that "Mother was put on notice that Father planned to oppose the move in court" during the parties' meeting after Father received Mother's letter, which fact the trial court had previously said was integral to a finding of

excusable neglect.

In bench trials such as this, Rule 52.01 of the Tennessee Rules of Civil Procedure requires the trial court to make specific findings of fact and conclusions of law. Rule 52.01 provides, in pertinent part:

> In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein.

This Court has previously held that the General Assembly's decision to require findings of fact and conclusions of law is "not a mere technicality." *In re K.H.*, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." *Id.*; *White v. Moody*, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); *Bruce v. Bruce*, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." *In re K.H.*, 2009 WL 1362314, at *8 (quoting *In re M.E.W.*, No. M2003-01739-COA-R3-PT, 2004 WL 865840, at *19 (Tenn. Ct. App. April 21, 2004)).

Because the trial court allowed the case to proceed despite Father's delay, the trial court, for all practical purposes, allowed the enlargement of time in Father's favor. "Rule 6.02 expressly states that the decision to grant or deny an enlargement of time due to excusable neglect is within the discretion of the trial court; therefore, our review of the trial court's decision is subject to the very deferential abuse of discretion standard, which does not permit this court to substitute its judgment for that of the trial court." *Maness v. Garbes*, No. M2008-00797-COA-R3-CV, 2009 WL 837707, at *3 (Tenn. Ct. App. Mar.26, 2009) (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn 2001)). Without specific findings of fact and conclusions of law on the issue of Father's negligence, however, this Court is unable to discern whether the trial court based the enlargement of time on a finding that Father's neglect was excusable. Even though the procedure used by the trial court supports an implicit finding of excusable neglect, I do not believe an implicit finding comports with prevailing law. Whether Father's untimely petition in opposition to the relocation translates to a right to contest the move hinges on whether Father has shown excusable neglect for his delay in filing. This is the focal inquiry and should not be determined at either the trial or appellate

level by implication. Instead, as required by Rule 52.01 of the Tennessee Rules of Civil Procedure, the facts should be found specifically along with the trial court's conclusions of law. This will not only enable the parties to understand the basis of the trial court's decision, but will also facilitate appellate review. Consequently, I would assert that an implicit finding of excusable neglect is insufficient in this case. Without a finding that Father's neglect was excusable, an enlargement of time pursuant to Rule 6.02 was inappropriate. Accordingly, I would submit that the proper disposition of this appeal is to remand to the trial court for specific findings of fact and conclusions of law on the issue of Father's excusable neglect. If Father's neglect was excusable, the trial court did not err in proceeding to consider the substantive issues in Father's petition. If, on the other hand, Father's neglect was not excusable, I would concur in the majority's decision to dismiss Father's petition on timeliness grounds. I am cognizant that Mother raises an additional issue on appeal as to whether the trial court erred in its determination on the substantive issue in this case, i.e., whether Mother should be allowed to relocate with the child. As previously stated, however, a finding that Father's neglect was not excusable will result in dismissal of Father's petition in opposition to the relocation. Therefore, I am unable to consider the substantive issue in this case without first determining whether Father's petition should be considered timely based upon the language of Rule 6.02 of the Tennessee Rules of Civil Procedure.

_____
J. STEVEN STAFFORD, JUDGE