In the Matter of G. **GENERAL
ELECTRO COMPONENTS,
INC., Debtor.**

G. **GENERAL ELECTRO
COMPONENTS, INC.,**
Plaintiff,

v.

**VEEDER INDUSTRIES, INC.,**
Defendant.

**Bankruptcy No. 2–83–00918.
Adv. No. 2–84–0162.**

United States Bankruptcy Court,
D. Connecticut.

March 29, 1990.

James G. Green Jr., Hartford, Conn., for plaintiff.

George C. Hastings, Hartford, Conn., for defendant.

## RULING ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

ROBERT L. KRECHEVSKY, Chief Judge.

In this matter, the plaintiff moves the court to extend for 20 days the time for filing a notice of appeal. Because the plaintiff filed its motion on March 6, 1990, more than 10 days after this court's entry of judgment on February 14, 1990, *see* Bankr.R. 8002(a),[1] the movant must make a showing of "excusable neglect" for not having filed its motion before the time for filing a notice of appeal had expired.[2] The plaintiff relies upon the following circumstances to support the granting of its motion.

The plaintiff's counsel, James G. Green, Jr., following receipt of the judgment, spoke to the defendant's attorney, George C. Hastings, about Hasting's willingness to consent to an extension of time (*see* Loc.R. Civ.P. 9(b)(2)) in the event Green so moved the court prior to the expiration of the 10–day appeal period. Hastings, after contacting the defendant, consented. However, Green, instead of filing a motion for extension of time, on February 28, 1990 filed a Rule 7052(b) motion requesting the court to amend its findings and to amend the judgment.[3] Under Rule 8002(b), the

---

**1.** Bankr.R. 8002(a) provides in part: *"Ten–Day Period.* The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from...." Bankr.R. 8002(a).

**2.** Bankr.R. 8002(c) states:
   *(c) Extension of Time for Appeal.* The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a show-

ing of excusable neglect if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code. Bankr.R. 8002(c).

**3.** Bankr.R. 7052 states that "Rule 52 F.R.Civ.P. applies in adversary proceedings." Rule 52(b) provides: "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly."

effect of a timely filing of such a motion causes the time for appeal to run from the entry of an order granting or denying the Rule 7052(b) motion.[4] A Rule 7052(b) motion must be filed within 10 days after entry of judgment, and Bankr.R. 9006(b)(2) prohibits the court from enlarging this time period.[5]

Green had untimely filed the Rule 7052(b) motion because he erred in counting 10 days from the entry of judgment. He mistakenly relied upon a superseded version of Rule 9006(a) contained in his law library, which version stated that in computing days "intermediate Saturdays and Sundays shall be excluded when the period of time prescribed was less than *11* days." Rule 9006(a) had been amended, effective August 1, 1989, to substitute *8* days for *11* days, thereby affecting rules such as Rules 7052(b) and 8002(a) by requiring Saturdays and Sundays to be included in counting days.[6] After the defendant responded to the plaintiff's Rule 7052(b) motion pointing out its untimeliness, the plaintiff filed the pending motion. The plaintiff's motion (paragraph 14) asserts: "If counsel for G. General had been aware of the recent rule change, he would have filed the Motion for Amendment and Memorandum earlier."

The settled law of the Second Circuit dictates the outcome of the plaintiff's motion. A court's normal predilection, where the exercise of its sound discretion is involved, is to have matters determined upon the merits when a delay has not prejudiced another party and when innocent attorney error is involved. In this circuit, however, strict limitations are placed on a trial court's exercise of its discretion in finding excusable neglect in matters concerning timely filing of notices of appeal. "[T]he requirement of a timely notice of appeal is 'mandatory and jurisdictional.' ... [A] finding of 'excusable neglect' must be based either on acts of someone other than appellant or his or her counsel, or some extraordinary event. Such a finding may not be based on common oversight or administrative failure by the would-be appellant's counsel," *650 Park Ave. Corp. v. McRae*, 836 F.2d 764, 766–67 (2d Cir.1988) (citation omitted) (appellant counsel's mistaken belief that clerical service had filed notice of appeal not excusable neglect); "the burden of demonstrating excusability lies with the party seeking the extension and a mere concession of palpable oversight or administrative failure generally ... fall[s] short of the necessary showing," *In re O.P.M. Leasing Servs., Inc.*, 769 F.2d 911, 917 (2d Cir.1985) (citation omitted) (no excusable neglect where failure to timely file appeal based on a paralegal's error to have notice of entry of judgment reach lawyers in charge of case); excusable neglect does not include either a failure to understand the law or careless omission "to which everyone is indeed subject," *Fase v. Seafarers Welfare and Pension Plan*, 574 F.2d 72, 77 (2d Cir.1978). The plaintiff's contention in its original memorandum that a party "should not be penalized for counsel's good faith mistakes" cannot, under the cited decisional law, be honored.

The plaintiff, in a supplemental memorandum, argues for a more flexible construction of "excusable neglect" when the bankruptcy court judgment being appealed from involves a non-core matter. The action brought by the plaintiff as a debtor in possession was a common law contract and tort matter, in which the parties stipulated to the bankruptcy court entering a final

---

4. Bankr.R. 8002(b) states:

   *(b) Effect of Motion on Time for Appeal.* If a timely motion is filed by any party:

   .    .    .    .    .

   (2) under Rule 7052(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted;

   .    .    .    .    .

   (4) ... the time for appeal for all parties shall run from the entry of the order ... granting or denying ... such motion.

Bankr.R. 8002(b).

5. Bankr.R. 9006(b)(2) states in part: *"Enlargement Not Permitted.* The court may not enlarge the time for taking action under Rule ... 7052...."

6. Green's law firm utilized an outside library service to keep its law library materials current.

judgment. *See* 28 U.S.C. § 157(c)(2). The trial consumed 22 days of testimony, and both parties filed extensive post-trial briefs. The plaintiff points out that had the proceeding been tried in the district court, the parties would have had 30 days within which to appeal or move for an extension of time. *See* Fed.R.App.P. 4. The plaintiff cites no authority for so distinguishing between core and non-core matters, and I believe that the court is without authority to engraft such a distinction onto either Rule 8002(c) or the established law of the circuit.

The plaintiff's motion to extend the time to file an appeal must be, and hereby is, denied. It is

SO ORDERED.