**In re Howard T. MOWERS, d/b/a Mohawk Valley Chiropractic, Debtor.**

**Bankruptcy No. 92–63296.**

United States Bankruptcy Court, N.D. New York.

Sept. 3, 1993.

Leon J. De Bernardis, Utica, NY, Menter, Rudin & Trivelpiece, P.C., Syracuse, NY (Kevin Newman, of counsel), for debtor.

Thomas F. O'Brien, Clinton, NY, for Judith Mowers.

Mark Swimelar, Syracuse, NY, Chapter 13 Trustee.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Presently before the Court is the motion of Howard T. Mowers ("Debtor") for leave to file an untimely notice of appeal from an Order of this Court denying confirmation of his proposed Chapter 13 Plan and determining certain debts to be non-dischargeable.

The Court heard oral arguments at a hearing commenced on August 13, 1993, and then adjourned to August 20, 1993. Reserving its

determination, the matter was submitted for decision on August 20, 1993.

## JURISDICTIONAL STATEMENT

The Court has continuing jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334, 157(a) and 157(b)(1).

## FACTS

On October 22, 1992, the Debtor filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code"). The Debtor's proposed Chapter 13 plan, filed on November 4, 1992, was denied confirmation by Memorandum–Decision, Findings of Fact, Conclusions of Law and Order signed on July 9, 1993 and entered by the Clerk of the Court ("Clerk") on July 12, 1993 ("Order"). Also pursuant to the Order, certain debts owed to his ex-wife, Judith Mowers ("Mrs. Mowers"), were determined to be non-dischargeable.

On July 12, 1993, the Clerk sent notice of entry of the Order, and a copy of the Order to: the Debtor's bankruptcy counsel, Leon J. DeBernardis, Esq. ("DeBernardis"); counsel to Mrs. Mowers, Thomas F. O'Brien; and the Chapter 13 Trustee, Mark W. Swimelar, Esq. Neither a copy of the Order, nor a copy of the notice of entry of the Order were sent directly to the Debtor by the Clerk.

■ Central to Debtor's motion is the undisputed fact that DeBernardis mailed a copy of the Order only to Debtor's general counsel John P. Speer, Esq. ("Speer"), and not to the Debtor personally. The Debtor alleges that Speer was on vacation at the time DeBernardis mailed him the Order. It appears, however, that there may be a question of fact, which need not be decided in the context of the instant motion, as to whether Speer was made aware of the entry of the Order prior to his leaving for vacation in light of DeBernardis' statement on the record at the hearing on the adjourned date that he had informed Speer of this fact by telephone on the same day that he received his copy of the Order.[1]

---

1. Debtor alleged that Speer returned from vaca-    tion on July 19, 1993, but did not review his mail

Debtor asserts that he left for vacation on July 16, 1993 and did not return until August 1, 1993. Nonetheless, it is the Debtor's contention that he was not made aware of the entry of the Order by DeBernardis, or by Speer for that matter, until July 23, 1993, when a telephone message left by Speer, allegedly on the same date, was relayed to him. By then, however, the time to file a notice of appeal under Federal Rule of Bankruptcy Procedure ("Fed.R.Bankr.P.") 8002(a) had already passed.

After allegedly being advised by DeBernardis that he would not seek leave to file a late notice of appeal, Debtor asserts that he contacted several other law firms for the same purpose without success. On or about August 6, 1993, the Debtor retained the services of the Syracuse law firm of Menter, Rudin, and Trivelpiece, P.C. ("Menter") to handle the appeal. Thereafter, Debtor moved by Order to Show Cause dated August 9, 1993, for an extension of time within which to file a notice of appeal based upon "excusable neglect" pursuant to Rule 8002(c) of the Fed.R.Bankr.P.

## ARGUMENTS

The Debtor takes the position that he should be permitted to file a late notice of appeal under Fed.R.Bankr.P. 8002(c) for "excusable neglect" because he was not made aware of the entry of the Order by counsel prior to the expiration of the period within which to timely file such notice as prescribed by Fed.R.Bankr.P. 8002(a). With respect to the foregoing, the Debtor posits that the liberal "excusable neglect" standard set forth in *Pioneer Investment Services v. Brunswick Assocs., supra,* —— U.S. ——, 113 S.Ct. 1489, should be applied to determinations under Fed.R.Bankr.P. 8002(c), and that his diligence in pursuing the within motion after learning of the entry of the Order tips the balance in favor of granting his motion. Debtor also contends that no prejudice will

result if he is allowed to file a late notice of appeal.

In contrast, Mrs. Mowers contends that *Pioneer Investment, supra,* has no application under Fed.R.Bankr.P. 8002(c), and that "excusable neglect" is a strict standard requiring a showing of unique circumstances and "neglect that is excusable". Mrs. Mowers posits that the Debtor's lack of knowledge of the entry of the Order caused by the neglect of counsel is insufficient to support a finding of "excusable neglect" under prevailing case law. Mrs. Mowers also contends that since Menter was not formally substituted as counsel of record for the Debtor, it lacked authority to act on the Debtor's behalf in filing the Show Cause Order and in bringing the instant motion.

## DISCUSSION

The question presented in the matter *sub judice* is whether the Debtor has made a sufficient showing of "excusable neglect" so as to permit his untimely notice of appeal to continue under Fed.R.Bankr.P. 8002(c). Before reaching the merits of this question, however, the Court must first address Mrs. Mower's procedural objection on the apparent lack of authority of Menter to act on behalf of the Debtor in these proceedings.

The essence of Mrs. Mowers objection is that Menter is not authorized to act on the Debtor's behalf since he is already represented by counsel in this bankruptcy proceeding, and there has been no formal substitution of counsel.

However, Menter has indicated that it has been retained solely as appellate counsel to the Debtor, and not for the purpose of substitution as the Debtor's bankruptcy counsel. *See* Affirmation in Support of Motion, filed on August 19, 1993. Generally, there is no prohibition on a debtor being represented by more than one legal counsel in a bankruptcy proceeding, nor is there any

until July 21, 1993. For purposes of the instant motion, as will be discussed, *infra*, it is not necessary to determine whether the filing deadline was missed due to the conduct of DeBernardis or Speer, or both, since attorney action/inaction resulting in the failure to meet the filing deadline for a notice of appeal would in any event be attributable to the Debtor. *See e.g., United States v. Boyle,* 469 U.S. 241, 249–51, 105 S.Ct. 687, 692, 83 L.Ed.2d 622 (1985) (cited in *Pioneer Investment Services v. Brunswick Assocs.,* —— U.S. ——, ——, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993)); *650 Park Ave. Corp. v. McRae,* 836 F.2d 764 (2d Cir.1988).

requirement that a Chapter 13 debtor seek appointment of additional counsel pursuant to Code § 327.

At a minimum, however, the Bankruptcy Rules require that "an attorney appearing for a party in a case under the Code shall file a notice of appearance with the attorney's name, office address ... unless the attorney's appearance is otherwise noted in the record." Fed.R.Bankr.P. 9010(b). In the matter *sub judice* the required notice of appearance was not filed prior to bringing the within motion. However, at the time the Order to Show Cause was presented, Menter represented to the Court that its application to be appointed special counsel had been prepared and would be submitted to the United States Trustee ("UST") immediately upon leaving the Court's Chambers. However, Menter's application for appointment was subsequently returned by the UST with the explanation that appointment as special counsel was not required in Chapter 13. Accordingly, no papers formally noticing Menter's representation in this matter are presently on file.

While no formal notice of appearance is noted anywhere in the record in this case, the Court finds that in signing the Order to Show Cause on August 9, 1993, it tacitly approved Menter's representation of the Debtor, thereby "otherwise [noting such representation] in the record" for purposes of Fed.R.Bankr.P. 9010(b). Accordingly, Debtor's motion is not procedurally defective on the grounds asserted by Mrs. Mowers, and the Court proceeds to the merits.

At the outset, Fed.R.Bankr.P. 8001 requires that a notice of appeal be filed with the clerk of the court within the "time allowed by [Fed.R.Bankr.P.] 8002." *Id.* Fed.R.Bankr.P. 8002(a) provides that the "notice of appeal shall be filed within ten days of the date of entry of the ... order ... appealed from." *Id.* In the instant case, the ten-day period prescribed by Fed.R.Bankr.P. 8002(a) began to run on July 12, 1993, and ended on July 22, 1993. The Debtor's application to file a late notice of appeal, however, was not filed until August 9, 1993.

Fed.R.Bankr.P. 8002(c) provides that after the ten-day period provided in Fed.R.Bankr.P. 8002(a) has expired, the bankruptcy judge may extend the time for a period not to exceed twenty days, if: 1) the request is made within such twenty day period *and* 2) there is a showing of "excusable neglect". *Id.* Here, the twenty day period commenced on July 22, 1993, and expired on August 11, 1993. The Debtor's application to extend the time was filed on August 9, 1993, and was therefore made within the period allowed by the Rule. *See* Fed.R.Bankr.P. 8002(c). Thus, the question to be decided is whether the Debtor has established that the failure to timely file a notice of appeal or to make application for an extension of such time was the result of "excusable neglect". *Id.*

On the facts presented, however, the Debtor's application must be denied primarily because the asserted basis for the delay in timely filing—failure of counsel to notify him of entry of the Order in time to appeal—does not constitute "excusable neglect" under prevailing Second Circuit precedent, nor the more liberal standard applied in *Pioneer Investment, supra,* —— U.S. ——, 113 S.Ct. 1489.

Relying on *Pioneer Investment,* the Debtor posits that "excusable neglect" exists here since he remained unaware of the entry of the adverse Order until after the time to appeal had run, principally because DeBernardis, whose prior practice the Debtor alleges was to send correspondence directly to him, mailed a copy of the Order only to his general counsel, Speer. As noted above, the Debtor represents that Speer was on vacation at the time, and had no knowledge of the Order at least until July 21, 1993.[2]

Debtor's reliance on *Pioneer Investment,* however, is misplaced. Contrary to the Debtor's assertions, *Pioneer Investment* is not properly read as setting an across the board standard of "excusable neglect". Rather, the issue addressed in that case was "whether an attorney's failure to file a proof of claim within the deadline set by the court can constitute 'excusable neglect' within the

---

**2.** *See* note 1*, supra,* and accompanying text.

meaning of [Fed.R.Bankr.P. 9006(b)(1) ]." *Pioneer Investment, supra,* —— U.S. at ——, 113 S.Ct. at 1492. Granting certiorari to resolve the split of authority between the various Circuit Courts of Appeals on the proper meaning of the term "excusable neglect" under Fed.R.Bankr.P. 9006(b)(1), *id.* at ——, 113 S.Ct. at 1494, the Supreme Court determined that under the circumstances present in that case, the neglect of the creditor's counsel in failing to comprehend the notice of the claims bar date in the notice regarding a meeting of creditors was excusable. *Id.* at ——, 113 S.Ct. at 1500.

■ Given that the whole of the discussion in *Pioneer* focusses on Fed.R.Bankr.P. 9006(b)(1), *Pioneer* may appropriately be applied in all instances where Fed.R.Bankr.P. 9006(b)(1) governs the enlargement of time frames prescribed by the other bankruptcy rules. However, pursuant to subsection (b)(3) of Rule 9006, and as noted by the Supreme Court at —— U.S. —— n. 4, 113 S.Ct. 1495 n. 4, the time frames provided under Fed.R.Bankr.P. 8002 are specifically excepted from the reach of Fed.R.Bankr.P. 9006(b)(1).

While the Supreme Court does note a similar division among the Courts of Appeals on their interpretations of "excusable neglect" under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, *see Pioneer Investment, supra,* —— U.S. at —— n. 3, 113 S.Ct. at 1494 n. 3, no clear indication is provided by the Supreme Court that it intended also to resolve that conflict through a decision concerning a wholly unrelated rule of bankruptcy procedure.

Indeed, the policy considerations cited by the Supreme Court as supporting its determination to apply a more liberal "excusable neglect" standard under Fed.R.Bankr.P. 9006(b)(1) in the context of a late filed proof of claim under Fed.R.Bankr.P. 3003(c), to wit, "avoiding forfeitures by creditors", *id.* at ——, 113 S.Ct. at 1495, are not generally

supportive of the abbreviated time constraints for filing a notice of appeal in bankruptcy which are jurisdictional in nature and serve to "[assure] prompt appellate review, often important in the administration of a case under the Code", *see* Advisory Committee Note on Fed.R.Bankr.P. 8002, Norton Bankr.Rules Pamphlet 1992–93 Ed. p. 532, and which also "provide a definite point at which, in the absence of a notice of appeal, litigation will come to a close. *See 650 Park Ave. Corp. v. McRae, supra,* 836 F.2d at 766 (citation omitted). Given this distinction, the Court concludes that the term "excusable neglect" may be subject to differing interpretations depending upon the procedural framework in which it is to be applied. *See In re Dix,* 95 B.R. 134, 137 (9th Cir. BAP 1988) (citing *In re Magouirk,* 693 F.2d 948, 950–51 (9th Cir.1982)). Interestingly, *In re Dix,* is credited by the Sixth Circuit Court of Appeals as the source of the equitable factors it applied in *In re Pioneer Investment Services Co.,* 943 F.2d 673, 677 (6th Cir.1991), which were generally approved by the Supreme Court in its affirmance of that decision. *Pioneer Investment, supra,* —— U.S. at ——, 113 S.Ct. at 1498.[3] In *Dix,* however, the Bankruptcy Appellate Panel distinguished between the two "excusable neglect" standards applied in the Ninth Circuit, stating:

[E]xcusable neglect is generally liberally construed 'in those instances where the order or judgment forecloses trial on the merits of a claim,' such as a motion to set aside a default judgment under Fed. R.Civ.P. 60(b). [citation omitted]. Where, however, the purpose of the extension sought is to review the propriety of a decision on the merits, such as *in the context of a late filed notice of appeal, the term excusable neglect must be strictly interpreted.* [citation omitted].

*In re Dix, supra,* 95 B.R. at 137–38 (emphasis added).

---

3. These factors include: 1) the danger of prejudice to the non-movant; 2) the length of the delay and its impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control of the movant; 4) whether the movant acted in good faith. *Pio-*

*neer Investment, supra,* —— U.S. at ——, 113 S.Ct. at 1498. Excluded from this list is the fifth *"Dix factor"*—whether the clients should be penalized for their counsel's mistake or neglect. *See In re Dix, supra,* 95 B.R. at 138.

■ Thus, turning to "excusable neglect" in the context of a late filed notice of appeal, established Second Circuit precedent compels the conclusion that the failure of counsel to notify the Debtor of the adverse judgment in time to timely file a notice of appeal, or to move to extend the time for filing such notice, simply does not constitute "excusable neglect". Case law from the Second Circuit reveals that the "excusable neglect" standard under 8002(c) is strict and must be narrowly applied. *See In re Hotel Syracuse, Inc.*, 154 B.R. 13, 19 n. 16 (N.D.N.Y.1993); *Matter of G. General Electro Components, Inc.*, 113 B.R. 122, 123 (Bankr.D.Conn.1990); *Fase v. Seafarers Welfare & Pension Plan*, 574 F.2d 72, 76 (2d Cir.1978). The standard is summarized as follows:

> [T]he requirement of a timely notice of appeal is 'mandatory and jurisdictional.' ... [A] finding of 'excusable neglect' must be based on either acts of someone other than appellant or his or her counsel, or some extraordinary event. Such a finding *may not be based on common oversight or administrative failure by the would-be appellant's counsel.*

*Matter of G. General Electro Components, supra*, 113 B.R. at 123 (emphasis added) (quoting *650 Park Ave. Corp. v. McRae, supra*, 836 F.2d at 766–67).

■ The case law from the Second Circuit is consistent in holding that mere attorney error or omission is insufficient to establish "excusable neglect", particularly where the attorney is aware of the entry of the order in time to file a notice of appeal in a timely fashion. *See e.g. 650 Park Ave. Corp. v. McRae, supra*, 836 F.2d 764 (appellant counsel's mistaken belief that a clerical service had filed notice of appeal is not "excusable neglect"); *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911 (2d Cir.1985) (failure of paralegal to have notice of entry of judgment reach attorneys in charge of case is not "excusable neglect"); *Matter of G. General Electro Components, supra*, 113 B.R. 122 (counsel's mistaken reliance on superseded version of Fed.R.Bankr.P. 9006(a) does not constitute "excusable neglect").

In the instant case, the circumstances causing the delay in timely filing the notice of appeal were not so unique or extraordinary, *see Hotel Syracuse, supra*, 154 B.R. at 19–20 n. 15 (stating that "excusable neglect" requires a showing of unique circumstances), as to be distinguished from the cases cited above. Here, it is undisputed that DeBernardis received a copy of the Order before the time to appeal expired. DeBernardis, an experienced bankruptcy attorney well aware of the abbreviated time constraints for the filing of an appeal under Fed.R.Bankr.P. 8002(a), apparently did not directly advise the Debtor of the adverse Order, nor did he consult with the Debtor about the propriety of filing an appeal prior to expiration of the ten-day appeal period. Such conduct has the appearance of plain disregard for the Rule which would not constitute "excusable neglect" even under the more liberal *Pioneer Investment* standard. *See In re Springfield Contracting Corp.*, 156 B.R. 761 (Bankr. E.D.Va.1993) ("ignorance of the rules, a mistake in construing the rules, or a conscious disregard for the rules" would not constitute "excusable neglect" even under *Pioneer Investment*). Even though the *Springfield Contracting* court extends *Pioneer* to Fed. R.Bankr.P. 8002(c), Bankruptcy Judge Shelley in that case still found that an attorney calendaring problem which resulted in a notice of appeal being filed one day late did not constitute "excusable neglect". *Id.* (client conference on the last day to appeal was mistakenly scheduled for at the same time the attorney was due in court for a trial). It is also worth noting that DeBernardis, or even Speer for that matter, could have filed a notice of appeal or moved for an extension of the time within which to do so as a precautionary measure. Neither attorney did so.

Citing its own precedent, the Supreme Court in *Pioneer* acknowledged that clients are to be held accountable for the acts and omissions of their attorneys. *Pioneer Investment, supra*, —— U.S. at ——, 113 S.Ct. at 1499 (citations omitted). Accordingly, the conduct which the Debtor contends supports his motion—DeBernardis' failure to notify him directly of the adverse Order and to consult with him concerning a possible appeal—is conduct that is attributable to the

Debtor and does not support a finding of "excusable neglect".

 The Debtor also argues that his diligent efforts after the ten-day period had run in attempting to obtain counsel to file a late notice of appeal are relevant to the Court's determination of "excusable neglect".

However, given the Court's determination that *Pioneer Investment* is not applicable to Fed.R.Bankr.P. 8002(c), the inquiry in the instant case must remain focused on the conduct of the Debtor and his counsel prior to the expiration of the ten-day period under Fed.R.Bankr.P. 8002(a), as distinguished from that occurring outside of the period, since late filing is only permitted under the Rule where it can be shown that the initial *filing deadline* of Fed.R.Bankr.P. 8002(a) was missed due to "excusable neglect". Thus, purported events and circumstances occurring after the filing deadline has passed, *e.g.* those concerning the efforts of the Debtor to "diligently" pursue an out of time appeal, or even the potential lack of prejudice to Mrs. Mowers if the appeal were permitted to continue, are simply not relevant to the Court's determination of whether the delay in initially filing a timely notice of appeal, or moving for an extension of the time within which to file an appeal, was the result of "excusable neglect".

Based on the foregoing, the Court concludes that the Debtor has not established "excusable neglect" in failing to file a timely notice of appeal or to obtain an extension of the time within which to do so.

Accordingly, Debtor's motion is hereby denied.

**IT IS SO ORDERED.**