**In re AU COTON, INC., Debtor.**

**U.K. NORTHRIDGE, INC., a Delaware corporation, Appellant,**

v.

**AU COTON, INC., a corporation, Appellee.**

**No. 93 Civ. 7161 (MBM).**

United States District Court,
S.D. New York.

July 26, 1994.

---

Nicholas B. Waranoff, Brobeck, Phleger & Harrison, San Francisco, CA, Kenneth L. Metzner, Brobeck, Hale & Dorr, New York City, for appellant.

Janet F. Brunell, Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman, Garden City, NY, for appellee.

## OPINION AND ORDER

MUKASEY, District Judge.

Appellant U.K. Northridge, Inc., appeals from an order (the "Order") of the Bankruptcy Court for the Southern District of New York denying a motion by Northridge for leave to file a late proof of claim. For the reasons set forth below, the Order is affirmed.

Au Coton, Inc., the Debtor, operates retail clothing stores throughout the United States. It leased the space for one of its stores from Northridge. (R.Ex. B 1:21–23) On February 10, 1993, Au Coton filed a voluntary petition with the bankruptcy court for relief under Chapter 11 of the Bankruptcy Code. (R. Ex. H) As part of its reorganization, Au Coton rejected the leases of approximately 59 of its 80 stores, including its lease with Northridge, which was to expire in 1998. (R.Ex. B 1:23–24, 27–28) The Bankruptcy Court issued an order authorizing the rejection of the Northridge lease on March 26, 1993 (the "Rejection Order"), which directed that all proofs of claim resulting from the rejected lease be filed within 45 days after service of the order. (R.Ex. C ex. B) The Rejection Order provided further "that in the event any person or entity required by this order to file a claim fails to file such claim as required herein, such person or entity shall be forever barred from asserting such claims." (R.Ex. C ex. B)

Northridge was served with the Rejection Order on April 2, 1993, thus obligating it to file its proof of claim on or before May 17, 1993. (R.Ex. C ex. B) Northridge actually filed its proof of claim on June 4, 1993, eighteen days after the May 17 bar date. (R.Ex. C ¶ 4) Northridge unsuccessfully moved the bankruptcy court to allow its late proof of claim, and now appeals the denial of its motion. The consequence of the Order is that Northridge is barred from asserting its unsecured nonpriority claim in the amount of $49,711.16.

Northridge argues here, as it did in the bankruptcy court, that its failure to file a timely claim was due to excusable neglect. Specifically, Northridge argues that an attorney at Brobeck, Phleger & Harrison, its counsel, mistakenly believed that the bar date was June 1, not May 17, 1993, and realized her error on May 21, four days after the bar date had passed.[1] (R.Ex. C ¶ 3) Which is to say, Northridge alleges inadvertence.

The Bankruptcy Code permits a bankruptcy judge to accept late filings where "in its discretion ... the failure to act was the result of excusable neglect." Rule 9006(b)(1). The Supreme Court recently discussed this statutory language in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, — U.S. —, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). There, the Court explained that "excusable neglect ... is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer," *id.* at —, 113 S.Ct. at 1496, but may under certain circumstances encompass also "inadvertence, mistake, or carelessness." *Id.* at —, 113 S.Ct. at 1498.

---

1. Northridge blames its additional 14–day delay on the fact that on the day its attorney discovered her oversight she had to attend the funeral of her uncle, who died subsequent to the bar date, and did not return until May 26. (R.Ex. C ¶¶ 3–4 & Ex. F at 11).

Whether a party's neglect may be excused is an equitable determination, in which several factors should be weighed, including "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

 Northridge cites several of the *Pioneer* factors to argue that its counsel's inadvertence warrants an extension of time. To this end, Northridge points out that the 18–day delay did not prejudice Au Coton or otherwise impact the judicial proceedings, as no plan of reorganization had yet been proposed at that time. (R.Ex. B 3:23–25) Northridge additionally avers that its counsel acted in good faith in that its delinquency was negligent, not deliberate.

Although these factors favor Northridge, one prominent factor—the reason for the delay—does not. The Court in *Pioneer* commented that "inadvertence . . . do[es] not usually constitute 'excusable' neglect." *Id.* at ——, 113 S.Ct. at 1496. Indeed, the *Pioneer* Court concluded that the neglect at issue there was excusable because the notice of the bar date "was outside the ordinary course in bankruptcy cases" in that it was "peculiar[ly] and inconspicuous[ly] place[d] . . . in a notice regarding a creditors' meeting." *Id.* at ——, 113 S.Ct. at 1500. The Court therefore found that the delay was not within the reasonable control of the delinquent creditors. This finding, in combination with a finding that the other equitable factors favored the creditors, *id.* at ——, 113 S.Ct. at 1498, compelled that the neglect be excused. Here, however, it was simple carelessness which caused the bar date to lapse, not a reasonable unawareness of the deadline set forth by the bankruptcy court. Accordingly, it was within the bankruptcy court's discretion to disallow the late proof of claim.

 It bears emphasis that the standard of review on this appeal is abuse of discretion. *In re Drexel Burnham Lambert Group, Inc.,* 146 B.R. 84, 86 (S.D.N.Y.1992). It follows therefore that even though the bankruptcy judge may have had the discretion to permit Northridge's late filing, it can-

not be said under the circumstances presented here that he abused his discretion in not doing so. Accordingly, the Order is affirmed.

SO ORDERED.