**In re Jerry KATZMAN, Debtor.**

**SOUTHERN COMMERCE BANK, Plaintiff,**

v.

**Jerry KATZMAN, Defendant.**

**Bankruptcy No. 93–1522–8P7.**
**Adv. No. 93–457.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 27, 1997.

Tracey Jaensch, Tampa, FL, for Plaintiff.

Jonathan Ellis, Tampa, FL, Bernard J. Morse, Tampa, FL, for Defendant.

## ORDER ON REMAND FROM ELEVENTH CIRCUIT AND DISTRICT COURT RE: EXCUSABLE NEGLECT

ALEXANDER L. PASKAY, Chief Judge.

Fortunately, the turbulent and quite confusing procedural background of the instant matter before this Court is not typical of the currently existing appellate process in the bankruptcy system. The matter is before this Court pursuant to an Order for Remand entered by the United States District Court on January 21, 1997, which directed this Court to consider whether or not Jerry Katzman (Debtor) should be excused for not filing a timely Notice of Appeal of a Final Judgment entered by this Court. Specifically, the Order of Remand instructed this Court to determine whether or not the standard enunciated by the Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) applies to F.R.B.P. 8002(c).

A brief recap of the relevant portion of the record which precedes the entry of the Order of Remand is essential, as without such a summary it would be impossible to put this matter in a semi-understandable posture.

The Debtor originally filed his Petition for Relief in this Court under Chapter 13 of the Bankruptcy Code on February 12, 1993. The case was converted to a Chapter 7 liquidation case on March 4, 1993, for the Debtor's failure to file a Chapter 13 Plan. On June 18, 1993, Southern Commerce Bank (Bank) filed its Complaint and sought a determination that the Final Judgment obtained by the Bank prior to the commencement of the case was not within the overall protective provisions of the bankruptcy discharge and should be determined to be excepted from the discharge pursuant to 11 U.S.C. § 523(a)(2)(B).

Throughout the proceeding, up to and including actually trying the case, the Debtor, who is a physician, was represented by counsel. On February 28, 1994, counsel for the Debtor filed a Motion seeking authorization to withdraw from further representation of the Debtor. On March 25, 1994, this Court entered an Order granting the Motion to Withdraw and directing that all further pleadings be served on the Debtor. When the Findings of Fact, Conclusions of Law and Memorandum Opinion and Final Judgment were entered on February 10, 1995, the Debtor was no longer represented by counsel. That was the turning point in the proceeding because the Debtor, rather than filing a notice of appeal within 10 days from the date of entry of the Final Judgement as provided for by F.R.B.P. 8002(c), filed his Notice of Appeal on March 13, 1995, approximately 31 days after the entry of the Final Judgment. On the same date that he filed the Notice of Appeal, the Debtor filed a Motion to File Notice of Appeal. On May 31, 1995, this Court entered an Order denying the Motion, however, the Order provided that the Debtor may raise the issue of timeliness of his appeal before the District Court.

On June 28, 1995, the District Court entered an Order dismissing the case and dismissing the appeal on the basis that the Notice of Appeal was untimely. On January 17, 1996, the District Court entered an Order on a Motion filed by the Debtor which sought a rehearing of the June 28, 1995 Order. The District Court granted the Motion for Rehearing and remanded the matter to this Court to consider the issue of excusable neglect. Ordinarily, this would have ended the post-trial tug of war between the parties. However, on February 5, 1996, the District Court entered an Order, *sua sponte*, and in a lengthy opinion considered the issue and the authorities relevant to the issue. Based on the foregoing, the District Court vacated its June 28, 1995 Order, expressly holding that there was no excusable neglect because the Debtor's unfamiliarity with the Federal Rules of Bankruptcy Procedure is not excusable neglect and that the District Court is without jurisdiction to consider the appeal.

On February 21, 1996, the Debtor filed a Notice of Appeal to the United States Court of Appeals for the Eleventh Circuit. On November 15, 1996, a three judge panel of the Eleventh Circuit reversed and remanded the matter in a *per curium* opinion and, in

essence, held that the power to grant an extension for filing an appeal based on excusable neglect is committed to the sound discretion of the Bankruptcy Court and not the District Court. The Court further stated that this Court's failure to exercise its discretion, properly invoked by an appellant, to determine the permissibility of a late notice of appeal requires a remand, citing *Government of Canal Zone v. McClelland,* 506 F.2d 433 (5th Cir.1974) and *Sanchez v. Board of Regents of Texas Southern Univ.,* 625 F.2d 521 (5th Cir.1980). The Eleventh Circuit noted that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not *usually* constitute 'excusable' neglect, *Pioneer Inv. Servs. Co. v. Brunswick Assocs.,* 507 U.S. 380, 392, 113 S.Ct. 1489, 1496, 123 L.Ed.2d 74 (1993) (emphasis added), we cannot say that Katzman's neglect cannot be found to be excusable under the circumstances of this case. *Advanced Estimating System, Inc. v. Riney,* 77 F.3d 1322 (11th Cir.1996)."

Based on the foregoing, the Eleventh Circuit reversed the District Court's Order dismissing the appeal and directed that the matter be remanded to the District Court with instructions to further remand the unresolved issue to this Court for further proceedings. In Footnote 1, the Eleventh Circuit noted that the District Court did not mention in its opinion the *Pioneer* decision and never instructed this Court that it should determine whether the *Pioneer* standard of excusable neglect applies to F.R.B.P. 8002(c) and also whether or not the facts warrant the conclusion that the Debtor's failure to file a timely notice of appeal was due to excusable neglect.

At the evidentiary hearing held before the undersigned pursuant to the Order of Remand, the only witness presented was the Debtor who testified that after having received the copies of the Final Judgment, at which time he no longer had legal representation, he attempted to engage the services of attorneys. He was unable to do so, however, due to a lack of funds. In his search for advice and assistance, the Debtor was told by three attorneys that he had 30 days to appeal the Final Judgment entered by this Court. It was not until two days prior to the expiration of the 30 days that he learned for the first time that the time to appeal a final judgment of the Bankruptcy Court is ten days from the date of entry of the final judgment.

While the Debtor is an educated person, a physician, he is no stranger to legal proceedings. He has been extensively involved in numerous litigations, possibly as many as twenty, according to his testimony. However, with the exception of one small claims court proceeding, he was always represented by counsel. He has no legal training whatsoever, and he relied on the advice given by the attorneys from whom he attempted to obtain formal assistance, albeit without success because they all declined representation due to the Debtor's inability to pay a retainer.

The facts relevant for the resolution of the two issues before this Court are basically without dispute and the resolution of same depends on first, whether or not F.R.B.P. 8002(a) and (c) governs; and, second, whether or not *Pioneer* applies and this record would warrant the conclusion that the Debtor's failure to file a timely notice of appeal was due to excusable neglect.

F.R.B.P. 8002(a) and (c) provides:

**Rule 8002.  Time for Filing Notice of Appeal**

(a) The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from.

(c) The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal.

Counsel for the Bank intimated that there is authority to support the proposition that the time limitation set forth in F.R.B.P. 8002(c) which deals with extension of time to appeal governs, citing *In re Investors &*

*Lenders, Ltd.,* 169 B.R. 546 (Bkrtcy.D.N.J. 1994) and *In re Mowers,* 160 B.R. 720 (Bkrtcy.N.D.N.Y.1993). A careful reading of these authorities fail to furnish any support for the proposition urged by the Bank that the Court is prohibited to consider the issue of excusable neglect because the time frame fixed by F.R.B.P. 8002(c) governs the extension of time to file a notice of appeal, and therefore the Court has no jurisdiction to consider the *Pioneer* standard. Both *Mowers* and *Investors & Lenders* dealt with the issue of whether or not the facts establish excusable neglect. Further, in the case of *Matter of Christopher,* 35 F.3d 232 (5th Cir. 1994), the Fifth Circuit also considered the issue of excusable neglect notwithstanding that the notice of appeal was not filed timely.

In *Mowers, supra,* the Court entered its order denying confirmation of a Chapter 13 plan on July 9, 1993, and the Debtor did not file a motion to extend the time to file a notice of appeal until August 9, 1993. It is true that the Eleventh Circuit in its Order of Remand, Footnote 1, indicated that upon remand, this Court shall determine whether or not the *Pioneer* standard for excusable neglect applies to F.R.B.P. 8002(c). For this reason this Court is required to rule on this threshold issue.

■ Having considered the text of the Rule itself and the authorities, this Court is satisfied that this Court has the discretion to find excusable neglect under *Pioneer,* even though the Notice of Appeal was not filed within the time fixed by F.R.B.P. 8002(a) and was not extended under F.R.B.P. 8002(c). This leaves for consideration the ultimate question whether or not the Debtor's failure to file a timely notice of appeal or to timely seek an extension was due to excusable neglect. The standard to be applied in considering this issue was enunciated by the Supreme Court in *Pioneer.* Before discussing the factors to be considered, one would be amiss not to take cognizance of the recognition by the United States Supreme Court that clients must be held accountable for the acts and omissions of their attorneys, citing *Link v. Wabash R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In *Link,* the Court stated that this principle applies with equal force to *Pioneer* and required the parties to be held accountable for the acts and omissions of their chosen counsel.

■ At this point it should be noted that in the present instance the Debtor was no longer represented by counsel, was acting *pro se,* and in his quest to obtain assistance informally received incorrect advice from several attorneys. In this Court's opinion, the principle of *Link v. Wabash R. Co., supra* is not applicable. This, in turn, leads to the standard established by *Pioneer* in which the Court stated that before the Court may determine excusable neglect, it must consider the following: (1) the danger of prejudice to the other party; (2) the length of delay; (3) the potential impact on judicial proceedings; (4) the reason for the delay, including whether it was within the reasonable control of the movant; and (5) whether the movant acted in good faith.

■ Applying these principles to the facts in this case, there is nothing in this record which would warrant the conclusion that the delay caused prejudice to the Bank. The prolonged procedural steps which followed the Final Judgment were clearly not the fault and attributable to the Debtor. It is evident from the foregoing that the fact that the Bank obtained its initial judgment back in December of 1992 and the nondischargeability of its claim is yet to be resolved is of no consequence and the delay certainly cannot be attributable to this Debtor. The length of delay in this case was minimal considering some other cases.

As noted, the Final Judgment was entered on February 10, 1995 and the Notice of Appeal was filed on March 13, 1995, a delay of 31 days. There is nothing in this record which would warrant that the delay had any potential impact on the judicial proceedings. This is not the case when the delay negatively impacts the progress of the administration of the estate. This is not a case where the delay occurs in a Chapter 11 case when speedy resolution of issues are imperative because without it it is impossible to formulate and effectuate a meaningful plan of reorganization.

Next, the Court must consider the reason for delay. This record, of course, is crystal clear that the reason for the delay was the Debtor's ignorance and misunderstanding of the time requirements for taking an appeal from a final judgment of the Bankruptcy Court. While, as noted earlier, he was represented by counsel during the trial, he was no longer represented after the matter was taken under advisement and was not represented when the Final Judgment was ultimately entered. This record warrants the finding that the Debtor did obtain legal assistance, but unfortunately spoke to attorneys who were obviously not competent to represent him on appeal. All of the attorneys, with one exception, gave him the wrong legal advice. The one attorney who gave the Debtor correct advice, gave it to him, albeit, after the expiration of the 20 days and certainly after the original 10 days fixed by F.R.B.P. 8002(a).

Although technically the Debtor had control of the matter, it is difficult to find from the foregoing that in reality the Debtor had the control required by the standard set out in *Pioneer* which would require a denial of the defense of excusable neglect. Further, it is certainly justified to conclude that he did act in good faith.

In light of *Pioneer*, this Court is satisfied that it is appropriate not to deny the Debtor's right to appeal. Under the facts of this case, the Debtor's failure to file a timely Notice of Appeal met the standard for excusable neglect enunciated by the Supreme Court in *Pioneer*. For this reason, the Debtor should be permitted to prosecute his appeal. This Court expressly rejects the proposition urged by counsel for the Bank that even if this Court finds excusable neglect this Court has discretion to deny the Debtor's right to appeal.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that pursuant to the remand, the Motion to Extend Time to File Appeal is granted. The Notice of Appeal filed on March 13, 1995 is proper and the Debtor is authorized to proceed to prosecute his appeal.