In re Stephen B. WECHSLER, Debtor.

Dennis Joslin, Plaintiff–Appellant,

v.

Stephen B. Wechsler, Defendant–Appellee,

v.

The Equitable Life Assurance Society of the United States, Intervenor–Defendant–Appellee.

No. 99 CIV. 4841(WCC).

United States District Court, S.D. New York.

March 31, 2000.

Sankel, Skurman & McCartin, LLP, Attorneys for Plaintiff–Appellant, New York, Claudio Dessberg, of Counsel.

Robinson, Brog, Leinwand, Greene, Genovese & Gluck, P.C., Attorneys for Defendant–Appellee, New York, Fred B. Ringel, Robert R. Leinwand, of Counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, Senior District Judge.

Plaintiff Dennis Joslin appeals from a judgment of the United States Bankruptcy Court for the Southern District of New York, John J. Connelly, Judge, denying plaintiff's motion for an extension of time in which to file a notice of appeal. Plaintiff contends that his late filing was justified by "excusable neglect." On appeal, plaintiff claims the Bankruptcy Court erred by failing to apply the *Pioneer* guidelines for determining what forms of neglect may be considered excusable. Because we find no merit in plaintiff's contention, we affirm the judgment of the Bankruptcy Court.

## BACKGROUND

On October 10, 1991, defendant Stephen B. Wechsler filed a Chapter 7 petition to discharge more than $5 million of indebtedness. Among the debts defendant scheduled was a $400,000 debt for a loan from First New York Bank for Business (the "Bank"). In May 1992, defendant was granted the discharge. In July 1995, plaintiff purchased the discharged obligation from the FDIC, which had taken over the Bank when it failed.

In May 1997, plaintiff filed a complaint seeking to have defendant's discharge revoked as to all creditors on grounds of fraud. On January 6, 1999, plaintiff moved for summary judgment and defendant cross-moved for summary judgment. On March 12, 1999, Judge Connelly held a hearing on the motions. Judge Connelly, ruling from the bench, denied plaintiff's motion and granted defendant's cross-motion to dismiss the complaint. At the conclusion of the hearing, the judge ordered defendant's counsel to settle an order in accordance with his decision.

On March 17, 1999, defendant served plaintiff with a Notice of Settlement and Proposed Order by first class mail. The notice stated that the proposed order would be presented to the court for signature at 10 a.m. on March 26. Plaintiff's counsel admits to having received this notice.

The Bankruptcy Court signed the order on March 30, 1999 and the order was entered on the docket by the Clerk of the Bankruptcy Court on March 31, 1999. Pursuant to Bankruptcy Rule 8002(a), plaintiff's time to appeal expired on April 10, 1999.

Plaintiff alleges that "neither Joslin nor his attorneys were aware of the signed order because they never received a copy of it with notice of entry from Wechsler's attorney, nor did they receive a copy from Judge Connelly's Chambers or the Bankruptcy Court, even though it was the regular practice of the Bankruptcy Court in the Southern District of New York to forward a copy of such orders to counsel for the parties." (Pl. Mem. at 6.)

Plaintiff's counsel states that "[a]fter several weeks passed—and Joslin's attorneys had still not received any copy of a signed order either from Wechsler's attorney or from the Bankruptcy Court—they checked the court filings by computer on April 23, 1999, and then learned, for the first time, that the order had been signed on March 30, 1999, and entered the next day." (*Id.*) Thereafter, plaintiff filed a request for an extension of time to appeal within the twenty-day limit for such filings prescribed by Bankruptcy Rule 8002(c)(2).

On May 14, 1999, following oral argument on plaintiff's motion for an extension of time to file a notice of appeal, Judge Connelly denied the motion. The order denying plaintiff's motion was entered on June 21; 1999.

## DISCUSSION

■ Rule 8002(a) of the Bankruptcy Rules states that a "notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order or decree appealed from." Fed. R. Bankr.P. 8002(a). However, Rule 8002(c)(2) provides that a Bankruptcy Court may grant a request for an extension of time to file a notice of appeal of up to twenty days "upon a showing of excusable neglect" if the request is filed within the twenty-day period. *See* Fed. R. Bankr.P. 8002(c)(2). The district courts do not have jurisdiction to review an order of the Bankruptcy Court if the notice of appeal is not timely filed. *Minhlong Enters., Inc. v. New York Int'l Hostel, Inc. (In re New York Int'l Hostel, Inc.)*, 194 B.R. 313, 316 (S.D.N.Y.1996).

■ Plaintiff claims that the Bankruptcy Court erred in denying its motion for an extension of time to appeal pursuant to Fed. R. Bankr.P. 8002(c), and argues that the Bankruptcy Court failed to consider: (1) the factors the Supreme Court set forth in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), for evaluating whether "excusable neglect" exists; and (2) decisions of lower courts, including *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873 (3d Cir.1997), which applied the *Pioneer* factors and found excusable neglect. We review the Bankruptcy Court's decision under an "abuse of discretion" standard. *Hirsch v. London Steamship Owners' Mutual Life Insurance Association Limited (In re Seatrain Lines)*, 198 B.R. 45, 53 (S.D.N.Y.1996) (Sotomayor, J.); *see also Hassett v. Far West Fed. Sav. and Loan Ass'n (In re O.P.M. Leasing Servs., Inc.)*, 769 F.2d 911, 915 (2d Cir.1985).

## I. *The Pioneer Factors*

In addressing the issue of "excusable neglect" as it pertains to another section of the Bankruptcy Rules, the Supreme Court held that the decision whether a delay is justified by "excusable neglect" is "at bottom an equitable one." *Pioneer*, 507 U.S. at 395, 113 S.Ct. at 1498. There, a creditor's attorney failed to timely file a proof of claim after receiving a notice of the bar date incorporated in a document entitled "Notice for Meeting of Creditors," a form of notice that did not accord with standard practice. 507 U.S. at 386, 113 S.Ct. at 1494.

The Court held that determination of "excusable neglect" depends on "all relevant circumstances surrounding the party's omission," including the following factors:

the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

507 U.S. at 395, 113 S.Ct. at 1498.

■ The Supreme Court further observed that the concept of "excusable neglect" may justify "late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." 507 U.S. at 388, 113 S.Ct. at 1495. However, in making its determination, the Court stated it considered "significant that the notice of the bar date provided by the Bankruptcy Court in this case was outside the ordinary course in bankruptcy cases," 507 U.S. at 398, 113 S.Ct. at 1499, and that the unusual form of the notice left a "dramatic ambiguity" in the notification. 507 U.S. at 398, 113 S.Ct. at 1500. Although the Court adopted these factors in the context of a late filed claim pursuant to Fed. R. Bankr.P. 9006(b), the factors apply with equal force

to Rule 8002(c)(2). *See United States Lines, Inc. v. United States (In re McLean Industries, Inc.)*, 196 B.R. 670, 674 n. 1 (S.D.N.Y.1996); *Hirsch*, 198 B.R. at 54. *But see In re Mowers*, 160 B.R. 720, 725 (Bankr.N.D.N.Y.1993) (holding that *Pioneer* factors do not apply to excusable neglect under Rule 8002; rather, "the 'excusable neglect' standard under 8002(c) is strict and must be narrowly applied.").

Here, plaintiff contends that the Bankruptcy Court failed to apply the *Pioneer* factors in determining whether plaintiff's delay in filing a notice of appeal constituted "excusable neglect." Upon a review of the transcript of the May 14, 1999 hearing as well as plaintiff's papers in support of its motion for an extension, we find this contention baseless. The *Pioneer* factors were fully briefed by plaintiff prior to the hearing. (*See* Dessberg Aff. ¶¶ 13–16.) Both parties acknowledged that the *Pioneer* guidelines applied, and Judge Connelly heard extensive argument regarding these factors from both plaintiff and defendant before issuing his ruling from the bench.

## II. *Interpretation of the Pioneer Factors by Lower Courts*

Plaintiff's claim that Judge Connelly "ignored the decisions of other courts which did apply the Pioneer standards, and which held that excusable neglect existed in factual scenarios virtually identical, if not wholly identical, to the one at bar," (Def. Mem. at 17–18), also is without merit. Plaintiff's counsel argues that the Bankruptcy Court should have followed dicta in *Sound Radio*. There, the Third Circuit denied a motion to extend the time to appeal because the motion was filed after the additional twenty-day period set forth in bankruptcy Rule 8002(c). *See* 109 F.3d at 879. However, the court stated in dictum that an attorney's failure to file within the ten-day period could be excusable neglect where "[t]he finality (and hence appealability) of the . . . order is a handwritten addition, no copy of the order was sent to counsel, counsel himself contacted the Clerk's Office and obtained a copy, and, once the order was obtained by counsel, the Notice of Appeal was filed without undue delay." *Id.* Plaintiff made this argument in its supporting papers and during the hearing on its motion for an extension.

*Sound Radio* is distinguishable from the instant case. Here, Judge Connelly asked that debtor's counsel settle an order in accordance with the decision he rendered from the bench. Defendant claims, and plaintiff does not dispute, that defendant served plaintiff with a Notice of Settlement and Proposed Order by first class mail which indicated that the proposed order denying the motion and granting the cross-motion would be presented to the court for signature on March 26, 1999. (Def. Mem. at 5.) Furthermore, Third Circuit dictum is hardly binding precedent in the courts of the Second Circuit.

More persuasive for this Court is *Hirsch*, where the court affirmed the Bankruptcy Court's decision that a party's late filing was not due to "excusable neglect" under circumstances arguably more favorable than those at issue here. The facts of that case were as follows:

The bankruptcy judge denied an abstention motion from the bench and ordered the trustee's counsel to prepare an order reflecting his ruling. *Id.* at 54. After the hearing, the movant's counsel asked the trustee's counsel to send him a draft of the order prior to submitting it to the bankruptcy judge. *See id.* The trustee's counsel agreed, but ultimately failed, to do so. The movant's counsel remained unaware that the order was signed and entered until he received a notice of entry from the bankruptcy court after expiration of the ten-day period in which movant could have appealed. The movant requested an extension of its time to appeal, blaming its adversary and the bankruptcy court for its delay. The bankruptcy judge who heard argument on the motion for an extension found that the movant was not entitled to

see a draft order as it was not a "settled order," an order to which the opposing party is entitled to object, but an order reflecting the judge's dispositive ruling from the bench. *See id.* The judge noted that the movant could have appealed the decision on the abstention motion "at any point after it was announced from the bench." *Id.*

Judge Sotomayor held in *Hirsch* that the bankruptcy judge did not abuse his discretion in failing to extend the movant's time to appeal, finding that "[t]he factors present in Pioneer simply do not exist here. There was no 'dramatic ambiguity' in the proceedings that could have confused [movant's] counsel.... [The movant] was in no doubt about the rule governing appeals from bankruptcy court orders. In short, none of the events recited by [the movant] was 'outside the ordinary course in bankruptcy cases.'" *Id.* at 54–55 (*citing Pioneer*, 507 U.S. at 398, 113 S.Ct. at 1499). Judge Sotomayor stated that although the bankruptcy court "was permitted to consider the 'inadvertence, mistake or carelessness' of [movant's] counsel, he was not required to rule in favor of [movant] simply because it had shown inadvertence." *Id.* at 55. The district court ultimately found that the "reason for the delay" factor weighed against the movant, and that the debtor would be "prejudiced by the expense of rearguing the motion to abstain." *Id. But see United States Lines*, 196 B.R. at 674–75 (affirming bankruptcy court's grant of extension and stating that while the "reason for the delay" factor may be "the pivotal factor, depending on the particular circumstances presented," that factor was not pivotal where each of the other factors weighed in favor of the party seeking the extension).

### A. *Judge Connelly's Ruling*

In the instant case, Judge Connelly likewise focused upon "the reason for the delay" as the pivotal factor. In issuing his ruling, Judge Connelly said:

To the extent that the motion to extend time to appeal of this Court's order is based on conviction that this Court—meaning myself—sends copies of my orders to the litigants has never been my practice. I've never done it. I've never directed the clerk's office to serve any of my orders on any of the parties involved. I simply enter an order. It's given to the clerk's office to be docketed. In Bankruptcy Court I sign many, many, many orders every day. It's a very busy Court. And there are rules that deal with this problem.

\*   \*   \*   \*   \*   \*

In this case, counsel was in Court the day that I made my decision on the motion for summary judgment. There was an order submitted to the Court on March 26th and it seems to be admitted, and I so find that the debtor was served with notice of settlement as I directed at the time that I made my ruling, and that that order was going to be presented to the Court on March 26, 1999. And the Court did enter its order on—the order was docketed on March 31, 1999....

Counsel have an avid duty to monitor the Court's dockets. There's in place now an electronic method for checking the Court's docket from the attorney's office, and I do not find the circumstances here in the submissions that you offered, counsel, as justification for me to extend the time to appeal from my order which you are seeking relief from today.

(Hearing Tr. at 15–16.)

### III. *Application of the Pioneer Factors to the Instant Case*

■ Upon a review of the record, we find that three of the four *Pioneer* factors tend to favor plaintiff. Defendant would be prejudiced to the extent that defendant would have the expense of having to reargue the summary judgment motion, although defendant likely contemplated that the March 31 order would be appealed. The length of the delay was minimal, less

than twenty days, and plaintiff's failure to timely file a notice of appeal appears to have been the result of inadvertence, not bad faith.

However, we agree with Judge Connelly that plaintiff's stated "reason for the delay" weighs against him. Plaintiff attempts to justify its delay by placing blame on the Bankruptcy Court and opposing counsel. As Judge Connelly noted when issuing his ruling, Bankruptcy Rule 9022, which requires the clerk to serve notice of the entry of an order or judgment on contesting parties, states that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002." Fed. R. Bankr.P. 9022(a). Furthermore, as discussed above, plaintiff's counsel was in court when the bankruptcy judge issued his ruling and received a proposed order from defense counsel with notice that the order would be submitted to the Court on March 26. Nonetheless, plaintiff failed to check the docket for weeks. Under these circumstances, we find that the Bankruptcy Court did not abuse its discretion in finding plaintiff did not demonstrate "excusable neglect." *See U.K. Northridge, Inc. v. Au Coton, Inc. (In re Au Coton, Inc.),* 171 B.R. 16, 18 (S.D.N.Y.1994) (affirming Bankruptcy Court's denial of leave to file late proof of claim where three of Pioneer factors favored appellant, but appellant's reason for the delay was "simple carelessness"); *Crysen/Montenay Energy Co. v. Belcher Co. of New York,* 1993 WL 362360, 93 Civ. 339(RPP), 90 Civ. 4016(RPP) (S.D.N.Y. Sept. 17, 1993) (affirming Bankruptcy Court's denial of extension of time to file appeal where defendant knew, based on Bankruptcy Court's decision and plaintiff's submission of a proposed order, that an order was likely forthcoming).

## CONCLUSION

For the foregoing reasons, the Court affirms the decision of the Bankruptcy Court denying plaintiff an extension of time in which to file a notice of appeal.

SO ORDERED.