In re PYRAMID ENERGY, LTD., Debtor.

**PYRAMID ENERGY, LTD., Plaintiff,**

v.

**DUQUOIN NATIONAL BANK, Defendant.**

Bankruptcy No. 85–40186.

Adv. No. 93–4048.

United States Bankruptcy Court, S.D. Illinois.

March 22, 1994.

Douglas Antonik, Mt. Vernon, IL, for debtor/plaintiff Pyramid Energy, Ltd.

Terry Sharp, Mt. Vernon, IL, for defendant Duquoin Nat. Bank.

---

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on the motion of defendant, Duquoin National Bank ("Bank"), to file a notice of appeal instanter, which the Court construes as a request to extend the time for filing notice of appeal. The Bank missed by one day the deadline for filing its notice of appeal and now seeks an extension of time to appeal pursuant to the "excusable neglect" provision of Bankruptcy Rule 8002(c). *See* Fed.R.Bankr.P. 8002(c).

On April 29, 1993, the debtor, Pyramid Energy, Ltd. ("Pyramid"), filed an adversary pleading entitled "Declaratory Complaint and Objection to Claim," in which it sought a determination that the Bank had executed a valid release of its claim against Pyramid as consideration for Pyramid's dismissal of an earlier adversary proceeding against the Bank. On November 9, 1993, after hearing evidence and arguments, the Court orally ruled in favor of Pyramid on its complaint but indicated that the ruling would not be final until a written order was entered. On December 16, 1993, the parties appeared before the Court on a motion to release escrow proceeds that had been held pending determination of the debtor's adversary proceeding. The Court determined that this motion was premature, as no written order had been entered in the adversary case, but advised counsel for the parties that a written order would be entered soon. The written order was entered the following day on December 17, 1993.

Under Bankruptcy Rule 8002(a), a party has 10 days from the date of entry of a judgment, order or decree to file its notice of appeal. *See* Fed.R.Bankr.P. 8002(a). Ten days from entry of the December 17, 1993, order was Monday, December 27, 1993. The Bank filed a notice of appeal the following day on December 28, 1993, along with its motion to file notice of appeal instanter.

The Bank's motion asserted that its notice of appeal was timely filed under Federal Rule of Civil Procedure 6(a), which provides that intermediate weekends and holidays are excluded from the computation of time when the period for filing is less than 11 days. *See* Fed.R.Civ.P. 6(a). Pyramid objected on the basis of Bankruptcy Rule 9006(a), which provides for the exclusion of weekends and holidays when the relevant time period is less than 8 days.[1] The Bank then filed a response in which it asserted that its late filing was the result of "excusable neglect" and should be allowed pursuant to Bankruptcy Rule 8002(c).

Counsel for the Bank explained his tardiness in filing the notice of appeal by noting that the 10–day appeal period here included two weekends and the Christmas holiday, which resulted in a light work week for counsel and his office staff. In addition, counsel's associate in his two-attorney law office was absent one day due to illness. In recounting the events of that period, counsel stated that the Court's order entered on Friday, December 17, was not received in his office until Monday, December 20. This was the day of the office Christmas party and traditionally a day of light duty. On Tuesday, December 21, counsel's associate was out of the office because of illness. Wednesday, December 22, was the last full working day before the Christmas holiday, and both counsel and his associate were at work that day. The office was closed on Thursday and Friday, December 23 and 24. On Monday, December 27, following the Christmas weekend, counsel took an additional day off for a previously planned family activity. It was not until Tuesday, December 28, that counsel discovered the appeal deadline had passed, at which time the notice of appeal and accompanying motion were rushed to the clerk's office for filing.

---

1. Rule 9006(a) was amended in 1989 from its previous form which mirrored the 11–day rule of Federal Rule of Civil Procedure 6(a). An undesirable result of the previous rule was that the 10–day periods prescribed in the interest of prompt administration of bankruptcy cases were extended to at least 14 days. Under its present form, the 10–day time periods prescribed or allowed in bankruptcy cases are no longer extended because of intermediate weekends and holidays. *See* Advisory Committee Note (1989), Fed. R.Bankr.P. 9006(a), Norton Bankruptcy Rules Pamphlet 1993–94 Edition, 613.

■ Rule 8002(c) provides that after the time for filing a notice of appeal has expired, the bankruptcy judge may extend the time for filing the notice of appeal for a period not to exceed 20 days, if the request is made within that 20–day period and there is a showing of "excusable neglect." [2] The Bank here clearly met the time limit of Rule 8002(c) in filing its notice of appeal on the first day of the 20–day period. The remaining question, then, is whether there has been the required showing of "excusable neglect."

In the recent case of *Pioneer Inv. Services v. Brunswick Assocs.,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court set forth the appropriate standard for determining "excusable neglect" in the context of filing late proofs of claim under Rule 9006(b)(1). The court rejected a narrow definition of "excusable neglect," which requires a showing of exceptional circumstances beyond the movant's control, and opted for an equitable determination that "[takes] account of all relevant circumstances surrounding the party's omission." 113 S.Ct. at 1498. These factors, the court stated, include

> the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.*

In applying the equitable test of *Pioneer* to the present case,[3] the Court finds that many of the factors there specified weigh in favor of determining that the omission of counsel for the Bank in missing the appeal deadline was "excusable." The filing was delayed by

only one day and, while argument of the Bank's motion to file instanter has resulted in additional delay, the late filing itself caused little prejudice to the debtor and had minimal impact on the judicial proceedings. There is, moreover, no indication that counsel acted in bad faith.

In considering the reason for the delay, however, the Court finds that counsel had ample opportunity to file a timely notice of appeal and that the delay in filing was well within counsel's control. The Court announced its oral ruling on November 9, over a month before the written order was entered. At that time, counsel contemplated appealing from the Court's order and was aware of the necessity of filing a notice of appeal upon entry of the written order. The parties appeared in Court on December 16 on the motion to release escrow proceeds, at which time counsel was reminded that the written order would be entered soon. While counsel actually received his copy of the written order on Monday of the week before Christmas, a week during which his associate missed a day of work and the office was closed two of the normal working days, there was at least one day that week—Wednesday, December 22—when everyone was working and there were no unusual distractions. Counsel offers no reason, and the Court finds none, why the notice of appeal could not have been prepared and filed on that day.

■ Counsel acknowledges that he and his staff are well-experienced in filing bankruptcy appeals and could have filed the relatively simple notice of appeal, or even a request for extension of time to file a notice of appeal,[4] with little problem. To the extent that counsel's failure to file the notice of appeal was

---

**2.** Rule 8002(c) states in pertinent part:
(c) Extension of Time for Appeal. The bankruptcy judge may extend the time for filing the notice of appeal ... for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, *except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect* [except for appeals from specified judgments or orders not applicable here.]

Fed.R.Bankr.P. 8002(c).

**3.** While the *Pioneer* court construed the "excusable neglect" provision of Rule 9006(b)(1), its ruling is equally applicable in interpreting the similar language found in Rule 8002(c). *See In re Springfield Contracting Corp.,* 156 B.R. 761, 765 (Bankr.E.D.Va.1993).

**4.** A motion to extend time to file a notice of appeal under Rule 8002(c) may be allowed *without* a showing of excusable neglect if made before expiration of the 10–day appeal period. *See* Fed.R.Bankr.P. 8002(c).

due to his misreading of the rules or to problems with the tickler system in his office, *Pioneer* provides no respite. The *Pioneer* court, in assessing the culpability of counsel's actions, gave "little weight" to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date. *Pioneer*, —— U.S. at ——, 113 S.Ct. at 1499. Further, the court indicated that ignorance of the rules or a mistake in construing the rules does not constitute "excusable neglect" even under the liberal standard there espoused. *See id.*, 113 S.Ct. at 1496.

Based on its reading of *Pioneer*, the Court concludes that counsel's late filing of the notice of appeal here did not come within the meaning of "excusable neglect" for purposes of Rule 8002(c). Notwithstanding the minimal delay and prejudice resulting from counsel's omission, his failure to meet the time requirements of Rule 8002(a) is the sort of "neglect" that could and should have been avoided and, therefore, cannot be characterized as "excusable." To rule otherwise would undermine the integrity of the rules and erode the time requirements that have been imposed to ensure prompt administration of bankruptcy appeals.

For the reasons stated, the Court denies the Bank's motion to file notice of appeal instanter, which the Court construes as a request to extend time for filing notice of appeal under Rule 8002(c).