In re INVESTORS & LENDERS,
LTD., Debtor.

OFFICIAL COMMITTEE OF UNSE-
CURED CREDITORS OF INVESTORS
& LENDERS, LTD., Plaintiff,

v.

Thornton S. FIELD, Sr.,
et al., Defendants.

Bankruptcy No. 92–30754.
Adv. No. 93–3294TS.

United States Bankruptcy Court,
D. New Jersey.

July 27, 1994.

Michael J. Lerner, James Lawlor, Crummy, Del Deo, Dolan, Griffinger & Vecchione, Newark, NJ, for plaintiff.

James B. Brown, Shore and Zahn, East Brunswick, NJ, for defendants Flomerfelt, Flynn and Butler.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This constitutes the court's decision on a motion for reconsideration of an order denying an application for extension of time to appeal. The issue presented is whether receipt of an order after the time to file a notice of appeal has expired causes excusable neglect of such time period where the movant knew the court's decision before the order was entered. The court has jurisdiction under 28 U.S.C. §§ 1334(b), 157(a) and 151. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (K) and (O). For the reasons which follow, the motion is denied.

### I. FINDINGS OF FACT

On February 7, 1992, Investors and Lenders, Ltd., Investors and Lenders Realty Corp., Little Mortgage Co., and Jay P. Okun filed voluntary petitions for relief under chapter 11 of title 11, United States Code ("Bankruptcy Code" or "Code"). The United States trustee appointed an Official Committee of Unsecured Creditors ("the Committee") for the debtors on February 12, 1992. The cases were consolidated on April 6, 1992.

On May 10, 1993, the Committee filed a complaint against numerous similarly-situat-

ed creditors including Flomerfelt, Flynn and the Butlers ("Flynn Defendants") to determine the validity and extent of liens. Each of the defendants had made loans to Little Mortgage Corporation at various times and for various amounts and received assignments of mortgages from Investors & Lenders, Ltd. as collateral. The complaint alleged that the defendants did not properly perfect their security interests in the assigned mortgages because the defendants did not take possession of the notes corresponding to the mortgage assignments. The Committee requested that all assignments be deemed void pursuant to Code § 544 and preserved for the benefit of the estate under Code § 551.

On October 22, 1993, the Committee moved for summary judgment to avoid liens of Defendants Feit, Field, Schell, Sigle, Glass and Chelednik ("Feit Defendants") and Defendant Yanosh ("Yanosh"). On November 30, 1993, the Committee moved for summary judgment to avoid the liens of the Flynn Defendants. All of the defendants subsequently filed cross-motions for summary judgment.

The court held that because the defendants failed to take possession of the notes they had not perfected their security interests and, therefore, the Committee could avoid the unperfected security interests under Code § 544. The court issued a memorandum opinion on March 24, 1994 setting forth its findings of facts and conclusions of law, granting the Committee's motion for summary judgment and denying the defendants' cross-motions for summary judgment, 165 B.R. 389. A proposed form of order was submitted by the Committee to the court on April 5, 1994 and served on all parties. None of the parties objected to the proposed order and the order was entered by the court on Friday, April 15, 1994, to be served within seven days. The Committee served the or-

der by mailing a copy to all parties on Friday, April 22, 1994. On April 28, 1994, the Flynn Defendants filed an application for extension of time to appeal, stating that they did not receive the order until April 26, 1994, one day after the time to file an appeal expired on April 25, 1994. The court entered an order on May 5, 1994, denying the Flynn Defendants' application for extension of time to appeal but authorized them to file a motion for reconsideration.[1] On May 10, 1994, the Flynn Defendants moved for reconsideration of the court's May 5, 1994 order which denied the application for extension of time to appeal.

The Flynn Defendants argue that receipt of an order after the time for appeal has expired causes excusable neglect of such time period. The Flynn Defendants state that they received the order on Tuesday, April 26, 1994, one day after the time for an appeal had expired. The Flynn Defendants also point out that the Feit Defendants, who had also filed an application for extension of time to appeal, also certified that they received the order on April 26, 1994, one day after the time for appeal had expired.[2] The Flynn Defendants allege that the Committee held the order and did not mail it until Friday, April 22, 1994, the last day for service under the terms of the order. Finally, the Flynn Defendants maintain that they mailed the application for extension of time to appeal on April 26, 1994, the day they received the order. Therefore, the Flynn Defendants argue that they should be permitted an extension of time to file a notice of appeal because of excusable neglect.

The Committee maintains that the defendants have not shown excusable neglect. The Committee denies holding the order and states that it received the order on April 21, 1994 and served it the following day, thereby complying with the court's directive that the order be served upon the defendants within 7

---

1. The Committee argues that the defendants have not met the legal standard for reconsideration. Because the motion for reconsideration was filed with the court's permission as set forth in its letter of May 4, 1994 and it was within the court's discretion to permit such motion, the court will not address this argument further. The court permitted the filing of the motion so

that the parties could brief the matter, which they had not previously done.

2. The Feit Defendants filed an application for extension of time to appeal to the district court on May 3, 1994. The application was denied by order of the court on May 5, 1994. The Feit Defendants have not moved for reconsideration.

days of the order. The Committee also points out that under Federal Rule of Bankruptcy Procedure ("Rule") 8002(a), which permits the filing of a notice of appeal prior to the actual issuance of the order appealed from, the defendants had a thirty day window in which to file a notice of appeal beginning with the service of the court's memorandum opinion on March 24, 1994. In addition, the creditors were served with a proposed form of order one week later. The Committee therefore argues that the defendants were well aware that judgment would be entered against them and that under Rule 8002(a) they could have filed a timely notice of appeal.

## II. CONCLUSIONS OF LAW

■ Rule 8002 provides that a "notice of appeal shall be filed with the clerk within 10 days of the entry of the judgment, order, or decree appealed from." FED.R.BANKR.P. 8002(a). Rule 8002 further provides that the bankruptcy judge may extend the time for filing a notice of appeal, but the request to extend the time "must be made before the time for filing a notice of appeal has expired." FED.R.BANKR.P. 8002(c). If the request to extend the time for filing an appeal is not made within ten days of the entry of the order, but is made within twenty days from the expiration of the time to file a notice of appeal, then the bankruptcy judge may still grant the extension but only "upon a showing of excusable neglect" with certain exceptions not applicable in this case. FED. R.BANKR.P. 8002(c).[3]

The order was entered on April 15, 1994 and the time for filing a notice of appeal expired on April 25, 1994. The Flynn Defendants did not file a notice of appeal within ten days of the entry of the order. Nor did the Flynn Defendants request an extension of time to file a notice of appeal prior to the expiration of the time for filing a notice of appeal. However, the Flynn Defendants did file an application for an extension of the time for filing a notice of appeal on April 28, 1994, which was within twenty days of the expiration of the time to file a notice of appeal on April 25, 1994. Therefore, the court can grant an extension upon a showing of excusable neglect.

■ In *Pioneer Investment Serv. Co. v. Brunswick Associates Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court set forth the standards for determining whether excusable neglect has been shown under Rule 9006. The same considerations set forth in *Pioneer* to determine excusable neglect under Rule 9006 are applicable to excusable neglect under Rule 8002. *E.g., Labair v. Mayville Feed & Grain, Inc. (In re Mayville Feed & Grain, Inc.),* 996 F.2d 1215 (6th Cir.1993) (For full text of the opinion see 1993 WL 213684); *Crysen/Montenay Energy Co. v. Belcher Co. of New York,* 1993 WL 362360 (S.D.N.Y.1993); *In re Rhoads Industries, Inc.,* 163 B.R. 299, 301 (Bankr. N.D.Ohio 1994); *Huennekens v. Marx (In re Springfield Contracting Corp.),* 156 B.R. 761, 765 (Bankr.E.D.Va.1993); *Rozich v. Cruey (In re Cruey),* 158 B.R. 66, 70 (Bankr. W.D.Va.1993); *but see, e.g., In re Mowers,* 160 B.R. 720, 724 (Bankr.N.D.N.Y.1993) (Finding that *Pioneer* standard did not apply to Rule 8002).

■ The first inquiry set forth in *Pioneer* is whether the late filing was caused by neglect. The *Pioneer* Court adopted a liberal definition of neglect including not only acts beyond the parties' control, i.e. faultless omissions to act, but also omissions caused by carelessness, mistake, or inadvertence, i.e.

---

3. Federal Rule of Bankruptcy Procedure 8002(c) provides that:

> (c) Extension of Time for Appeal. The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, *except that a request made no more than 20 days after the* expiration of the time for filing a notice of appeal may be granted upon a showing of *excusable neglect* if the judgment or order appealed from does not authorize the sale of any property or the obtaining of credit or the incurring of debt under § 364 of the Code, or is not a judgment or order approving a disclosure statement, confirming a plan, dismissing a case, or converting the case to a case under another chapter of the Code.

FED R.BANKR.P. 8002(c) (emphasis added).

negligent omissions to act. Thus, even if the defendants failed to file a timely notice of appeal or request for extension of time because of carelessness or mistake, such failure would qualify as "neglect" for purposes of "excusable neglect" under the *Pioneer* definition of neglect. The court concludes that the Flynn Defendants' failure to file a timely notice of appeal or a request for extension of time was "neglect."

The second inquiry under *Pioneer* is whether the neglect was "excusable." This is an equitable determination "taking account of all relevant circumstances surrounding the party's omission," including:

[1] the danger of prejudice to the debtor,

[2] the length of the delay and its potential impact on judicial proceedings,

[3] the reason for the delay, including whether it was within the reasonable control of the movant, and

[4] whether the movant acted in good faith.

*Pioneer,* ——— U.S. at ——— – ———, 113 S.Ct. at 1497–98 (citations omitted). Under this inquiry, parties are "held accountable for the acts and omissions of their chosen counsel." *Id.* at ———, 113 S.Ct. at 1499.

In this case, there would be no prejudice to the debtor or to the Committee if the defendants were permitted an extension of time to file a notice of appeal; the Committee has not alleged that any prejudice would result or that it has changed its position in reliance on the court's prior determination. For similar reasons, the delay would not have a material impact on the judicial proceedings and the length of the delay was incidental. Moreover, there is no evidence that the Flynn Defendants did not act in good faith.

Although three of the *Pioneer* factors therefore favor finding "excusable neglect" on the part of the Flynn Defendants, the fourth factor negates such a finding.[4] The Flynn Defendants claim that they did not file a timely notice of appeal or a request for an extension because they did not receive the order until the time to appeal had expired. However, that explanation is insufficient as a matter of law because they had known for some time what the court's decision was on the motions for summary judgment. Rule 8002(a) permits parties to file a notice of appeal *prior to the entry of an order:*

(a) Ten–Day Period. The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. *A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the date thereof.* If a notice of appeal is mistakenly filed with the district court or the clerk of the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.

FED.R.BANKR.P. 8002(a) (emphasis added). The Flynn Defendants could therefore have filed a notice of appeal any time subsequent to the court's issuance on March 24, 1994 of the memorandum opinion on the motions for summary judgment. *See Rozich v. Cruey (In re Cruey),* 158 B.R. 66, 70 (Bankr. W.D.Va.1993) (Where debtor was aware of what order would provide, debtor could have filed his notice of appeal prior to the entry of the order.) The Flynn Defendants were also

---

**4.** Other courts have also found an absence of excusable neglect where only one of four factors negates such finding. *See, e.g., Crysen/Montenay Energy Co. v. Belcher Co. of New York,* 1993 WL 362360 (S.D.N.Y.1993) (Bankruptcy court's refusal to find excusable neglect was not clearly erroneous even though three of the *Pioneer* factors pointed in favor of an extension and only one did not.); *Pyramid Energy, Ltd. v. Duquoin Nat'l Bank (In re Pyramid Energy, Ltd.),* 165 B.R. 249, 251–52 (Bankr.S.D.Ill.1994) (Where no reason for delay was offered or found by the court, neglect was not excusable regardless that there was a minimal delay, lack of prejudice and no showing of bad faith).

reminded of the adverse ruling when served with the proposed form of order on April 5, 1994. Under Rule 8002(a), the Flynn Defendants had 32 days, from the issuance of the court's memorandum opinion on March 24, 1994 until the expiration of the appeal period on April 25, 1994, to file a notice of appeal or a request for an extension of time to file such notice.

Generally, courts have not found excusable neglect when the reason for the delay was merely ignorance or misconstruction of the rules of procedure. *See, e.g., Weinstock v. Clearly, Gottlieb, Steen & Hamilton,* 16 F.3d 501, 503 (2d Cir.1994); *Duncan v. Washington,* 1994 WL 232397 (6th Cir.1994); *Pyramid Energy, Ltd. v. Duquoin Nat'l Bank (In re Pyramid Energy, Ltd.),* 165 B.R. 249, 251–52 (Bankr.S.D.Ill.1994); *In re Specialty Equipment Cos., Inc.,* 159 B.R. 236, 240 (Bankr.N.D.Ill.1993). The Supreme Court noted in *Pioneer* that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer,* —— U.S. at ——, 113 S.Ct. at 1496. Neither party characterized the Flynn Defendants' failure to file a timely notice of appeal as "inadvertence, ignorance of the rules or [a] mistake[ ] construing the rules." However, because the Flynn Defendants have argued that receipt of the order after the time for appeal has expired constitutes excusable neglect notwithstanding that they need not have waited for the order to file such notice, the court finds that their failure to file a timely notice of appeal or a request for an extension of such time was "inadvertence, ignorance of the rules or [a] mistake[ ] construing the rules." Therefore, under *Pioneer* and the other cases cited above, the reason for the delay offered by the Flynn Defendants does not make their neglect excusable within the meaning of the law.

Moreover, the Flynn Defendants did not have to rely on the Committee to inform them as to when the order was entered. Although they could not control when the Committee mailed the order to them, they had other alternatives for obtaining the status of the order. As the Committee argued, the Flynn Defendants could have checked the docket in the bankruptcy clerk's office or via modem on the court's electronic access system, PACER, for the entry of the order. Mail delays are not grounds for excusable neglect. *Labair v. Mayville Feed & Grain, Inc. (In re Mayville Feed & Grain, Inc.),* 996 F.2d 1215, 1993 WL 213684 (6th Cir.1993) ("[A] party has an independent duty to keep informed, and a third party's failure to inform a party of entry of a final judgment is not grounds for excusable neglect." Appellant has the burden of any delay in the mail.). Because the Flynn Defendants have not offered an acceptable reason for the delay, the neglect is not excusable.

## III. CONCLUSION

Failure to file a timely notice of appeal or a request for extension of time to file such notice because the order was not received until after the period to file such notice had expired is not excusable neglect where the appellant had ample notice prior to entry of the order as to the court's decision. The Flynn Defendants' motion for reconsideration is therefore denied.

The clerk shall prepare and enter Standard Order 17 pursuant to D.N.J.Bankr. Ct.R. 4(b).