**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4022
_____

In re:  REBECCA ANN KAPLAN,
Debtor

KENNETH GRUBER, MURRAY GRUBER

v.

REBECCA ANN KAPLAN,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 11-cv-03572)
District Judge:  Honorable Dennis M. Cavanaugh
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 22, 2012

Before:  AMBRO, FISHER and GARTH, Circuit Judges

(Filed: May 24, 2012)
_____

OPINION
_____

PER CURIAM

Appellant Rebecca Kaplan, proceeding pro se, appeals from the District Court's

order upholding the decision of the Bankruptcy Court denying her motion under Fed. R.

Bankr. P. 8002(c) to extend the time to appeal the Bankruptcy Court's March 17, 2011 order of judgment. For the reasons that follow, we will affirm the District Court's order.

I.

Appellant's husband, Alan Kaplan, was sued in New Jersey in 2007 by the Appellees in this case, who alleged that he had defrauded them into investing in his corporation. In 2008, Appellant filed a voluntary Chapter 7 petition in the Bankruptcy Court. Thereafter, the Appellees commenced an adversary proceeding against her, alleging that she participated in her husband's misconduct, and seeking a declaration that her debt to the Appellees was non-dischargeable.

After a trial, the Bankruptcy Court found Appellant's obligations to the Appellees non-dischargeable. While the parties submitted further briefing on the issue of damages, the Appellees sought to reopen the evidentiary record so as to include the New Jersey state court's ruling against Appellant's husband. The Bankruptcy Court held a hearing on February 7, 2011, at which Bankruptcy Judge Winfield appeared by telephone. Judge Winfield ruled from the bench in favor of the Appellees, and explained that she would execute a judgment for the Appellees upon receiving a judgment form from Appellees' counsel. Immediately after Judge Winfield's ruling, Appellant complained that she did not understand what the judge had said; Judge Winfield explained that Appellant could review the transcripts of the proceeding for clarification.

On March 8, 2011, Appellees submitted a proposed form of judgment to the Bankruptcy Court; it was filed electronically with the Court and emailed to the Appellant.

2

Counsel for the appellees included in the submission, for the Bankruptcy Court's convenience, a copy of the New Jersey court decision against Alan Kaplan. By letter dated March 14, Appellant explained to the Court that she did not object to the judgment form itself, but she expressed concern that the state court order would be incorporated into the Bankruptcy Court's judgment. Thereafter, on March 17, 2011, the Bankruptcy Court entered an order of judgment against Appellant. Pursuant to Fed. R. Bankr. P. 8002(a), Appellant then had 14 days, i.e., until March 31, 2011, to file a notice of appeal from that order. Appellant did not file a notice of appeal within that time frame, but on April 8, 2011, she did file a timely motion under Fed. R. Bankr. P. 8002(c) to extend the time to appeal.

In her Rule 8002(c) motion, Appellant contended that seven factors, viewed in the aggregate, demonstrated excusable neglect, a requirement for relief under Rule 8002(c)(2). These were: (1) the Bankruptcy Court Clerk erroneously sent all correspondences during the adversary proceeding to Appellant's former counsel from her bankruptcy proceeding, rather than to Appellant, who was proceeding pro se; (2) opposing counsel breached a long-standing oral agreement to directly furnish Appellant by email with documents from the adversary proceeding; (3) a history of lengthy delays in the Bankruptcy Court's issuing of opinions, which led Appellant to expect that a judgment in the adversary proceeding was not immediately forthcoming; (4) an expectation that she would receive a response to her March 14 letter to the Bankruptcy Court; (5) Appellant's unfamiliarity with the requirement that she monitor

3

the Court's docket; (6) Appellant's pro se status; and (7) the lack of prejudice to the Appellees if Appellant were permitted to appeal the order of judgment. Further, Appellant claimed that the Bankruptcy Court's failure to properly provide her with notice of the order of judgment constituted a deprivation of her right to due process.

Following a May 9, 2011 hearing on the motion, the Bankruptcy Court held that, notwithstanding the Court's service errors and Appellant's pro se status, she had an obligation to monitor the Bankruptcy Court's docket, and her failure to do so – knowing that a decision was imminent based on the February 7 hearing – belied her claim of excusable neglect. Kaplan then appealed the Bankruptcy Court's decision to the District Court.

The District Court affirmed the Bankruptcy Court's order and also held that Appellant's right to due process was not violated. Kaplan timely appealed the District Court's order.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 158(d). We exercise the same standard of review as the District Court when it reviewed the original appeal from the Bankruptcy Court. See In re Handel, 570 F.3d 140, 141 (3d Cir. 2009). "Thus, we review the Bankruptcy Court's findings of fact for clear error and exercise plenary review over the Bankruptcy Court's legal determinations." Id. "'The question of excusable neglect [under Rule 8002(c)] is by its very nature left to the discretion of the bankruptcy court

4

whose decision should not be set aside unless the reviewing court . . . has a definite and firm conviction that the court below committed a clear error of judgment.'" In re Lang, 414 F.3d 1191, 1194 (10th Cir. 2005) (quoting In re Power Recovery Sys., Inc., 950 F.2d 798, 801 (1st Cir. 1991)); see also In re Vertientes, Ltd., 845 F.2d 57, 59 (3d Cir. 1988) (applying abuse of discretion standard to Bankruptcy Court determination regarding excusable neglect for purposes of Fed. R. Bankr. P. 9006(b)).

In Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380 (1993), the Supreme Court set forth the standard for evaluating claims of excusable neglect, and that standard applies in the context of a motion under Rule 8002(c). See S'holders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997). In Pioneer, the Supreme Court characterized the "excusable neglect" determination as "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." 507 U.S. at 395. "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (quoting Pioneer, 507 U.S. at 395). As the Second Circuit noted in Silivanch, notwithstanding the four-factor test, courts often focus on the third factor, and "the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule' and . . . where 'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the

5

ordinary course, lose under the Pioneer test.'" Id. at 366-67 (quoting Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 250-51 (2d Cir. 1997)); see also In re Am. Classic Voyages Co., 405 F.3d 127, 133-34 (3d Cir. 2005) (noting that "[a]ll factors must be considered and balanced; no one factor trumps the others," but relying "primarily on the third Pioneer factor . . . [because] the delay in this case was entirely avoidable and within [the movant's] control").

In reviewing the Bankruptcy Court's decision, the District Court evaluated Appellant's Rule 8002(c) motion under the Pioneer factors. The District Court concluded that the first, second, and fourth factors weighed in Appellant's favor, although these factors were not viewed as particularly compelling, and the parties do not meaningfully challenge those conclusions on appeal. With regard to the third factor – the reason for the delay – the District Court reasoned that Appellant's argument was, at base, that she failed to receive notice of the Bankruptcy Court's order from either the Appellees or the Court, and that these problems, viewed in light of her pro se status, warranted a finding of excusable neglect. However, when a litigant is aware that the Bankruptcy Court intends to enter an order, the fact that the litigant does not timely receive that order from the Bankruptcy Court will not render the litigant's failure to timely file an appeal excusable. See In re: Investors & Lenders, Ltd., 169 B.R. 546, 550-51 (Bankr. D.N.J. 1994). The District Court reasoned that, like the appellants in Investors & Lenders, Kaplan was aware of the Bankruptcy Court's impending judgment given that she was present for the February 7 hearing, when Judge Winfield announced her decision.

6

Kaplan argues that she expressed confusion about the Bankruptcy Court's ruling during the hearing, and should not be held responsible for "knowing" of the decision, given that the Bankruptcy Court refused to clarify its ruling for her. However, her argument is undercut in light of her receipt of, and qualified assent to, the Appellees' March 8, 2011 submission to the Bankruptcy Court of a proposed judgment. See Appellees' Appendix at 28. Indeed, the March 8 letter expressly cites the Bankruptcy Court's August 18, 2010, and February 7, 2011 rulings "finding [Kaplan's] obligations to the Plaintiffs non-dischargeable . . . ," and it includes "for Your Honor's approval [] a proposed form of Judgment." Id. In short, Appellant's purported misunderstanding, like her other explanations for failing to monitor the docket – i.e., the Bankruptcy Court's previous delays, the Appellees' practice of sending courtesy copies of court documents,[1] and the expectation of an answer to her March 14 objection – did not absolve her of that responsibility. We agree with the District Court that, in light of all of these considerations, the Bankruptcy Court's determination that Appellant did not demonstrate excusable neglect was not an abuse of discretion.

Finally, Appellant argued before the District Court that the Bankruptcy Court's failure to provide her with the order of judgment amounted to a violation of her due

---

[1] The Appellees note in their brief that there was no oral agreement to furnish Kaplan with court documents, and that the only documents they provided to her were their own filings in the Bankruptcy Court, as required by the Bankruptcy Rules. The Appellant has presented no evidence of an oral agreement, and the Appellees' argument significantly undercuts her contention.

7

process right to notice. The Fifth Amendment requires that a party be provided with notice and an opportunity to be heard before being deprived of a protected property interest. See In re Longardner & Assocs., Inc., 855 F.2d 455, 465 (7th Cir. 1988) (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313-14 (1950)). As the District Court reasoned, notwithstanding the Bankruptcy Court's error in providing Appellant with court documents, she received actual notice of the Bankruptcy Court's decision at the February 7 hearing, as well as from the Appellees' proposed form of judgment. We perceive no error in the District Court's determination that this actual notice comported with due process.

Accordingly, we will affirm. Judge Ambro would have ruled in favor of excusable neglect.